# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF KANSAS

| | |
|---|---|
| **CHRIS HAULMARK**, | ) |
| Plaintiff, | ) |
| V. | ) |
| **STATE OF KANSAS**, | ) |
| **LEGISLATIVE ADMINISTRATIVE** | ) |
| **SERVICES**, | ) |
| and | ) Civil Action No.  5:20-cv-04084-EFM-TJJ |
| **TOM DAY**, in his official capacity as | ) |
| Director of Legislative Administrative | ) |
| Services, | ) |
| Defendants. | ) |
| | ) |

### PLAINTIFF HAULMARK's MOTION FOR
### TEMPORARY RESTRAINING ORDER AND
### PRELIMINARY INJUNCTION

COMES NOW Plaintiff Chris Haulmark, appearing *pro se* and in pursuant to Rule 65 of the Federal Rules of Civil Procedure and Local Rule 65.1, hereby moves the Court to enter the Temporary Restraining Order (hereinafter "TRO") and to set a hearing for a preliminary injunction in this matter. This TRO and preliminary injunction relief is to be narrow and precise to prevent Defendant Tom Day and the employees, agents, assigns and successors, and all persons of the Defendant State of Kansas and Defendant Legislative Administrative Services from acting in active concert or participation there with from continuing to prevent or attempting to prevent Plaintiff Haulmark, based on

his disability, from access to the online broadcasting services. The thoroughgoing denial of access to the online broadcasting services violates Plaintiff Haulmark's fundamental right to participate in the political process. Individuals without a hearing disability are able to participate in and enjoy the same online broadcasting services without the restrictions applied to Plaintiff Haulmark and other individuals with a hearing disability. This Motion is based on the Complaint [Docket No. 1], the attached affidavit of Plaintiff Haulmark [Exhibit #1], the attached affidavit of Kim Anderson as the President of the Kansas Association of the Deaf [Exhibit #2], and the following statements and authorities:

## I. INTRODUCTION

1. The Complaint in the above captioned matter was filed on December 16, 2020 to seek damages, including compensatory damages, equitable relief, including declaratory and injunctive relief, award of attorney fees only if counsel is ever retained by Plaintiff Haulmark, and expenses of court against the three Defendants, alleging ongoing and repeating violations of Title II of the Americans with Disabilities Act, 42 U.S.C. § 12131-12134 *et seq.* (hereinafter "ADA").

2. The Defendants created and operates the online broadcasting services to stream audio and audiovisual content of the legislative proceedings held in the legislature chambers and the committee rooms. [See ¶¶ 4-5 and 16 of the Complaint]

3. Rule 65 of the Federal Rules of Civil Procedure and Local Rule 65.1 require a verified Complaint or an affidavit to show immediate and irreparable injury, loss, or damage occurring to Plaintiff Haulmark. As required under these rules, Plaintiff

Haulmark attaches his affidavit to clearly show that immediate and irreparable injury, loss, or damage has and will continue to result. [Exhibit #1]

4. Plaintiff Haulmark submits this Motion to prevent further irreparable harm to him.

## II. VIOLATIONS OF TITLE II OF THE ADA CONTINUES INTO 2021

5. *DECLARATION OF THOMAS A. DAY (*hereinafter "Tom Day's Declaration") was entered into record on August 24, 2020 as an exhibit with the Memorandum in Support of Motion to Dismiss by the two individual defendants after Plaintiff Haulmark filed a complaint against five defendants. [Docket No. 9-2 of Case ID: 20-cv-04033-SAC-TJJ]

6. With the belief based on the five-months old proposal plan that the Defendants would furnish the "closed captioning" during the 2021 Legislative Session as declared in Tom Day's Declaration, Plaintiff Haulmark chose not to immediately pursue the TRO and the preliminary injunction when filing his new claim a month ago. [See ¶ 11 of Tom Day's Declaration] ("The Virtual Statehouse Plan includes planning, implementation and preliminary budget for accessibility, including closed captioning of legislative proceedings in the 13 committee rooms and chambers used by the Kansas Legislature.")

7. A week of the 2021 Legislative Session has passed. During the five-day business week between January 11, 2021 and January 15, 2021, there are 81 sessions published on the Kansas Legislature website in the form of audio-only content available to the public, free of charge. These sessions comprise of the legislative proceedings, that

were live streamed through the online broadcasting services. Currently, those 81 sessions are archived on the Kansas Legislature website. Because these sessions do not contain any real-time captionings, transcripts, or any other reasonable accommodations to provide effective communication, Plaintiff Haulmark is denied timely access to each of those 81 sessions based on his hearing disabilities.

8. During the five-day business week between January 11, 2021 and January 15, 2021, there are 42 sessions published on the Kansas Legislature Youtube Channel[1] in the form of audiovisual content available to the public, free of charge. These sessions comprise of the legislative proceedings, that were live streamed through the online broadcasting services. Currently, those 42 sessions are archived on the Youtube Channel. Some of the sessions on the Youtube Channel contain automatic machine-generated captioning and the rest of the sessions do not contain any machine-generated captioning. None of the 42 sessions on the Youtube Channel contain accurate or intelligible captionings, transcripts, or any other reasonable accommodations to provide effective communication for Plaintiff Haulmark or other individuals with a hearing disability. The available automatic machine-generated captioning is inaccurate and unintelligible.

9. This failure by the Defendants shows that Plaintiff Haulmark is still excluded from the online broadcasting services because of his disability. The Defendants continue to cause irreparable harm to Plaintiff Haulmark, as they have for years.

### III. ARGUMENT

---

[1] KS Legislature, ("YouTube Channel"), https://www.youtube.com/channel/UC_0NO-Pb96CFABvxDwXAq8A

10. In pursuant to 42 U.S.C. § 12131-12134 *et seq.*, Plaintiff Haulmark has filed a Complaint against the Defendants, including allegations of ongoing and repeating violations of Title II of the ADA. To state a claim under Title II, a plaintiff must allege that (A) he is a qualified individual with a disability, (B) who was excluded from participation in or denied the benefits of a public entity's services, programs or activities, and (C) such exclusion, denial of benefits, or discrimination was by reason of a disability. See 42 U.S.C. § 12132. As more fully set forth in the Complaint:

A. "Plaintiff Chris Haulmark is a qualified individual with a disability as that term is defined in 42 U.S.C. § 12131(2). Plaintiff Haulmark is Deaf. Plaintiff Haulmark meets the eligibility requirements for participation in the programs, services, and activities of the LAS which he sought." [See ¶ 75 of the Complaint]

B. "Plaintiff Haulmark requires from the Defendants effective communication, auxiliary aids, and equal participation in the form of, but not limited to, real-time captions, transcripts, and sign language interpreters for Plaintiff Haulmark to participate in and enjoy the benefits of the services, programs, and activities offered by the Defendants, as required by the ADA and as outlined on the state legislature's website." "The Defendants have been repeatedly notified, over nearly two years, of Plaintiff Haulmark's repeated requests for the necessary accommodations. The Defendants have blatantly disregarded and refused to furnish the necessary effective communication, auxiliary aids, and equal participation, and continue doing so today." [See ¶¶ 6-7 of the Complaint]

C.      "Defendant Tom did not offer any [ … ] reasonable accommodations and is repeatedly denying Plaintiff Haulmark, based on his hearing disabilities, access to the online broadcasting services[.]" [See ¶ 59 of the Complaint]

11.     Title II of the ADA mandates that "no qualified individual with a disability shall, by reason of such disability, be excluded from participation in or be denied the benefits of the services, programs, or activities of a public entity, or be subjected to discrimination by any such entity." 42 U.S.C. § 12132.

12.     Defendant State of Kansas is a public entity as defined in 42 U.S.C. § 12131(1)(A).

13.     Defendant Legislative Administrative Services is a public entity subject to the Title II of the ADA. 42 U.S.C. § 12131(1)(B)

14.     In this motion, Plaintiff Haulmark brings to light a relationship between the ADA and the Kansas statutes to show how Defendant Tom Day is provided explicit authority to enact the accommodations Plaintiff Haulmark seeks to have access to information regarding the legislative proceedings.

15.     Plaintiff Haulmark is allowed to join a State tort claim to a case brought under the ADA. The ADA "does not invalidate or limit the remedies, rights, and procedures of any other Federal laws, or State or local laws (including State common law) that provide greater or equal protection for the rights of individuals with disabilities or individuals associated with them." 28 CFR § 35.103(b).

16.     The following Kansas statutes currently provide greater protection to the individuals with a hearing disability within Kansas in pursuant to the ADA.

17. K.S.A. § 75-4351(d), "A qualified interpreter shall be appointed in the following cases for persons whose primary language is one other than English, or who is a deaf, hard of hearing or speech impaired person: (d) in any proceeding before a board, commission, agency, or licensing authority of the state or any of its political subdivisions, when such person is the principal party in interest[.]"

18. K.S.A. § 75-4352, "All interpreters appointed under the provisions of this act shall be appointed [...] by the chairman or presiding or executive officer of any board, commission or *agency* by which the proceeding involving the person is being conducted." (Emphasis added)

19. K.S.A. § 75-4355b(a), "The chairperson of the governmental committee or commission, or *the head of the agency* or other entity, or the court is responsible for assuring the procurement of the interpreter." (Emphasis added)

20. K.S.A. § 75-4355b(e), "If preferred by the deaf, hard of hearing or speech impaired person and if feasible, other modes of communication, such as notetakers, open-captioning equipment, assistive listening devices or other technology may be used in place of an interpreter."

21. K.S.A. § 75-4355(d), "Any person shall have the right to enforce the provisions of K.S.A. 75-4355a through 75-4355d in the district court. Nothing in K.S.A. 75-4355a through 75-4355d shall be construed to limit or impair rights existing under any other state laws."

22. Kansas Attorney General Opinion No. 2020-3[2] (hereinafter "AG Opinion") shares that the Kansas Commission for the Deaf and Hard of Hearing "does not necessarily possess authority regarding the actual appointment or employment of interpreters." This AG Opinion importantly cites K.S.A. § 75-4355b(a), "[T]he actual appointment of the interpreter and determination of fees fall to the body conducting the proceeding." Additionally, this AG Opinion includes citation of K.S.A. § 75-4352 when determining the appointing authority of the sign language interpreters. Finally, within the Review of this AG Opinion, it shows that "[t]he authority to appoint a person to serve as an interpreter and determine the compensation for such person is determined by the specific act under which the person is appointed."

23. This AG Opinion does not discuss if a Deaf, Hard of Hearing, or Speech Impaired person prefers a different mode of communication but the plain language of this statute, K.S.A. § 75-4355b(e), shows that Plaintiff Haulmark is legally able to request Defendant Tom Day to replace the sign language interpreting team with real-time captionings for access to the audio and audiovisual content of the online broadcasting services.

24. While the Defendants continue to use the software platform of Sliq Media Technologies into 2021 to digitally record, stream, and publish audio content of the legislative proceedings, it is feasible to enable the captioning functionality on the same software platform. [See ¶¶ 17-18 of the Complaint]

---

[2] Kansas Attorney General Opinion No. 2020-3, Feb. 10, 2020,
https://ag.ks.gov/docs/default-source/ag-opinions/2020/2020-003.pdf?sfvrsn=f6f1ad1a_6

25. In a letter dated February 18, 2019, Plaintiff Haulmark properly requested for "real-time English captions to provide the accessibility to the aurally delivered streams open to the public on the Kansas Legislature website." [See ¶ 33 of the Complaint] [See Exhibit #4 of the Docket No. 1-1]

26. Defendant Tom Day is sued in his official capacity as the Director of the LAS. As a state official, Defendant Tom Day controls the online broadcasting service and is breaking federal law of the ADA by outrightly excluding Plaintiff Haulmark, based on his hearing disabilities, from the online broadcasting service as a service, program, or activity. "In *Ex parte Young*, 209 U.S. 123 (1908), the Supreme Court carved out an exception to Eleventh Amendment immunity for suits against state officials seeking to enjoin alleged ongoing violations of federal law." *Crowe & Dunlevy, P.C. v. Stidham*, 640 F.3d 1140, 1154 (10th Cir. 2011).

27. "[N]either a state official's absolute immunity nor a state's sovereign immunity bars a plaintiff from bringing an *Ex parte Young* claim for a violation of Title II of the ADA." *Guttman v. Khalsa*, 669 F.3d 1101, 1127 (10th Cir. 2012)

28. Under Rule 65 of the Federal Rules of Civil Procedure, a party seeking a preliminary injunction must show: (1) the movant is substantially likely to succeed on the merits; (2) the movant will suffer irreparable injury if the injunction is denied; (3) the movant's threatened injury outweighs the injury the opposing party will suffer under the injunction; and (4) the injunction would not be adverse to the public interest. Plaintiff Haulmark can satisfy each of the requirements to attain a temporary restraining order and a preliminary injunction.

29. First, Plaintiff Haulmark will continue to suffer irreparable injury unless an injunction is granted. Plaintiff Haulmark has been and will continue to be discriminated against on the basis of his disability by Defendant Tom Day. Defendant Tom Day should be prevented from this type of discriminatory treatment during the litigation of this action. To be in full compliance with the Title II of the ADA, the real-time captioning must be furnished to afford Plaintiff Haulmark and other individuals with a hearing disability the equal opportunity to participate and enjoy benefits of the online broadcasting services.

30. Second, Plaintiff Haulmark is being intentionally discriminated against because of his disability and the injury of his continued discrimination outweighs any damage an injunction may cause Defendants. Plaintiff Haulmark believes the injunction will not cause the Defendants any injuries.. There is no risk of injury to the Defendants in halting the online broadcasting services other than the remote risk that all the members of the public including Plaintiff Haulmark would equally be required to physically visit the legislature chambers and committee rooms to participate in the legislative proceedings during the COVID-19 pandemic. Furthermore, this halting of the online broadcasting service is expected to be temporary until the service is in full compliance with the ADA.

31. Third, the issuance of a preliminary injunction would not be adverse to the public interest, but in fact would promote the public interest. The unconstitutional discrimination against Plaintiff Haulmark does not further the public interest but is against public interest. The ADA was enacted to prevent these types of discriminatory

policies, practices, and procedures which Defendant Tom Day has put in place since the online broadcasting service was created. It would be in the interest of the public if Defendant Tom Day is prevented from enforcing this type of discriminatory policy, practice, and procedure.

32. Finally, there is a substantial likelihood that Plaintiff Haulmark will prevail on his claim. Having demonstrated that he meets the first three requirements for a preliminary injunction, the standard for this requirement generally becomes more lenient. This is not to say that Plaintiff Haulmark is unlikely to prevail on his claim. Pursuant to Title II of the ADA, the Defendants are required to achieve effective communication by providing reasonable accommodations to individuals with a hearing disability for the online broadcasting services. Defendant Tom Day has refused with a discriminatory reason. Defendant Tom Day had numerous opportunities over the life of the online broadcasting services to act affirmatively to evaluate the online broadcasting services and other services, programs, and activities offered by the LAS and to ensure that individuals with a hearing disability would have meaningful access to their services, programs, and activities. Instead, Defendant Tom Day actively and intentionally discriminates against individuals with a hearing disability by ensuring the online broadcasting services are not readily accessible for Plaintiff Haulmark and other individuals with a hearing disability. By presenting strong and credible evidence, Plaintiff Haulmark has shown beyond what is required to make a "prima facie" case.

33. The facts giving rise to this lawsuit establish that Plaintiff Haulmark is entitled a TRO and a preliminary injunction preventing the Defendants from continuing to exclude Plaintiff Haulmark from participating in online broadcasting services.

34. The attached affidavit of Kim Anderson, President of the Kansas Association of the Deaf, shows that Plaintiff Haulmark does not stand alone as the only individual with a hearing disability seeking equal access to the online broadcasting services to participate in the political process. [Exhibit #2]

35. Plaintiff Haulmark will place a copy of this Motion and attached exhibits in U.S. mail, postage prepaid, addressed to the office of the Kansas Attorney General: M.J. Willoughby, 120 S.W. 10th, 2nd Floor, Topeka, KS 66612.

36. Plaintiff Haulmark requests expedited treatment of this motion. An immediate hearing on Plaintiff Haulmark's Motion is crucial in order to prevent further harm to Plaintiff Haulmark as a result of continuous violations of the federal law and his constitutional rights to participate in the legislative proceedings under Title II of the ADA.

37. A proposed Temporary Restraining Order and Preliminary Injunction is attached hereto as Exhibit #3. The Court should grant Plaintiff Haulmark's motion to issue a TRO and a preliminary injunction for the Defendants to immediately develop, implement, promulgate, and comply with a policy requiring the online broadcasting equipment, streaming audio and audiovisual content of the legislative proceedings, to be readily accessible with accurate and intelligible captioning provided to achieve effective

communication and equal participation for Plaintiff Haulmark and other individuals with a hearing disability.

WHEREFORE, Plaintiff Haulmark requests that this Court grants a temporary restraining order and preliminary injunction enjoining the Defendants, its employees, agents, assigns and successors, and all persons in active concert or participation with it, from exercising a policy or procedure that prohibits Plaintiff Haulmark and other individuals with a hearing disability from participating in the political process, while individuals without a hearing disability are able to participate, in addition to such other relief as this Court deems just and proper.

------------------------------------------------------------------

| | |
|---|---|
| Respectfully submitted this 21th of January | /s/ChrisHaulmark<br>PLAINTIFF, *pro se*<br>chris@sigd.net<br>600 S. Harrison St<br>Apt #11<br>Olathe, KS 66061<br>512-366-3981 |

## CERTIFICATE OF SERVICE

I hereby certify that on this 21th of January, a true and correct copy of the above and foregoing document was sent via email as an attached file in format of PDF to the clerk of the U.S. District Court for the District of Kansas and a copy with postage prepaid was placed in mail of the U.S. Mail to the following:

>M.J. Willoughby
>Assistant Attorney General
>120 S.W. 10th, 2nd Floor
>Topeka, KS 66612

/s/ChrisHaulmark
PLAINTIFF, *pro se*
