# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF KANSAS

| | |
|---|---|
| **CHRIS HAULMARK**, | ) |
|     Plaintiff, | ) |
|     V. | ) |
| **STATE OF KANSAS**, | ) |
| **LEGISLATIVE ADMINISTRATIVE** | ) |
| **SERVICES**, | ) |
|     and | ) Civil Action No.  5:20-cv-04084-EFM-TJJ |
| **TOM DAY**, in his official capacity as | ) |
| Director of Legislative Administrative | ) |
| Services, | ) |
|     Defendants. | ) |
| | ) |

## INDEX OF EXHIBITS

Exhibit #1:  Affidavit by Plaintiff Chris Haulmark

Exhibit #2:  Affidavit by Kim Anderson, President of Kansas Association of the Deaf

Exhibit #3:  Proposed Temporary Restraining Order and Preliminary Injunction

# EXHIBIT #1
# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF KANSAS

| | |
|---|---|
| **CHRIS HAULMARK**, | ) |
| Plaintiff, | ) |
| V. | ) |
| **STATE OF KANSAS**, | ) |
| **LEGISLATIVE ADMINISTRATIVE** | ) |
| **SERVICES**, | ) |
| and | ) Civil Action No. 5:20-cv-04084-EFM-TJJ |
| **TOM DAY**, in his official capacity as | ) |
| Director of Legislative Administrative | ) |
| Services, | ) |
| Defendants. | ) |
| | ) |

### AFFIDAVIT BY PLAINTIFF CHRIS HAULMARK

I, Chris Haulmark, being first duly sworn upon my oath, depose, and say,

1. As the Plaintiff in the above-entitled action, I commenced a civil action against three of the Defendants in the United States District Court for the District of Kansas by filing a Complaint on December 16, 2020. (See *Complaint*) (Docket No. 1)

2. The caption of this case names three Defendants-- State of Kansas, Legislative Administrative Services, and Tom Day in his official capacity as Director of Legislative Administrative Services.

3. I am deaf since the age of one year old. More specifically, I am culturally-Deaf, and bilingual in both American Sign Language (ASL) and written English.

# EXHIBIT #1

4. I watch videos on internet-equipped devices with the assistance of captioning. When a transcript is available, I am able to access audio-only content.

5. Since real-time captioning and transcripts have been provided since the early 1990s, I grew up watching the C-SPAN channel to keep track of the congressional members, executive agencies, and many other governmental activities.

6. The current automatic machine-generated captioning, available for some videos, on the Kansas Legislature's Youtube Channel, frequently contains errors and omissions that make it difficult or impossible for me to understand the information being provided in the legislative proceedings.

7. I have been participating in the political process for over two decades as a contributing constituent.

8. I am known throughout the communities within and surrounding the County of Johnson in Kansas as a community leader.

9. My passion in the political process comes from wanting to make this world better for future Deaf generations. As a Deaf role model with a national following, I share my knowledge of civics/politics, experiences as a political leader, and other messages in American Sign Language to encourage members of the Deaf community to be more involved in democracy, especially when it comes to the fight for recognition of the Deaf community's needs in our beloved country.

10. For the last three years, it has been and is currently very distressing to experience the rejection of participating in the democratic process of the state government solely because I am Deaf. Many acquaintances and colleagues, who do not have a hearing disability, are learning through the actions of the Kansas State

# EXHIBIT #1

Legislature that it is acceptable for Deaf people, including me, to be outright rejected from participating in the democratic process. These experiences make me feel helpless, inadequate, and impotent.

11. Daily, friends and colleagues share about the legislative proceedings on social media and in other public spaces, and yet they are inaccessible to me. My source of legislative activity is very limited which consists of media news outlets and what friends and colleagues choose to share. Because of this discriminatory intent by the state government, I feel valueless and unworthy to be a political leader simply because of my hearing disability.

12. As an individual without any formal legal training and experience, it is frustrating and exhausting standing by myself battling my own state's government just so I would be able to participate in the legislative proceedings as a member of the public and, hopefully sometime in the future, as an elected member of a public office.

13. If the state government had already implemented accessible online broadcasting services for individuals with hearing disabilities years ago as required under Title II of the Americans with Disabilities Act, I would not have experienced the hardships, frustrations, and setbacks I have had over the last three years. Perhaps, I could have been serving people from an elected office at this point.

**Pursuant to 28 U.S.C. Section 1746, I declare under penalty of perjury that the foregoing is true and correct.**
----------------------------------------------------------------

Respectfully submitted this 21th of January

/s/ChrisHaulmark
PLAINTIFF, *pro se*
chris@sigd.net
600 S. Harrison St
Apt #11
Olathe, KS 66061
512-366-3981

Page 3

# EXHIBIT #2

**AFFIDAVIT BY KIM ANDERSON**

I, Kimberly A. Anderson, being first duly sworn upon my oath, depose and say,

1. I am the President for the Kansas Association of the Deaf (KAD).
2. I am also an individual who is Deaf, with no ability to hear.
3. I require the use of an American Sign Language and/or real-time captioning for equitable access to any online broadcasting services that live-stream audio and audiovisual content of the legislative process.  Such equitable access protects my constitutional right as a Deaf Kansan, as a constituent to full participation of the political process.
4. Two Deaf Kansans shared with me, in my capacity as the President of KAD, the formal complaints they sent to the Legislative Administrative Services about the lack of equitable access to the online live-streamed broadcasting of the legislative proceedings in its first week of the 2021 Legislative session.
5. During this first week of the 2021 Legislative Session, I personally went online to the Kansas Legislature website to access the online live-stream broadcasting of the legislative process.  I was denied immediately of the ability to be a participant of the legislative process.
6. To date, to the best of my knowledge, the Legislative Administrative Services is in charge of making sure the State Capitol and its legislative process is equitably accessible to everyone.  However, since I met with Tom Day and a few other key stakeholders in December of 2019 at the State Capitol to address and resolve the lack of equitable access to the online broadcasting services, Tom Day had stated that some progress for equitable access will be made in time for the 2020 Legislative Session.  It is now 2021 and there is no evidence of any progress since December of 2019.
7. Without equitable access to the legislative process, the Deaf members of KAD and I are denied and continued to be denied our constitutional right to have full and equitable access of being fully informed of the decisions made and laws passed by the legislative body that impacts our lives as Deaf Kansans effectively yesterday, today and into the future.

**Pursuant to 28 U.S.C. Section 1746, I declare under penalty of perjury that the foregoing is true and correct. Executed on January 19, 2021.**

FURTHER AFFIANT SAYETH NOT.

*[signature: Kimberly Anderson]*

Kimberly A. Anderson

Page 1

# EXHIBIT #3
## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF KANSAS

| | |
|---|---|
| **CHRIS HAULMARK**, | ) |
| Plaintiff, | ) |
| V. | ) |
| **STATE OF KANSAS**, | ) |
| **LEGISLATIVE ADMINISTRATIVE** | ) |
| **SERVICES**, | ) |
| and | ) Civil Action No.  5:20-cv-04084-EFM-TJJ |
| **TOM DAY**, in his official capacity as | ) |
| Director of Legislative Administrative | ) |
| Services, | ) |
| Defendants. | ) |
| _____ | ) |

## |PROPOSED| ORDER

On Motion of Plaintiff Haulmark and the hearing on ____ day of _____, 2021, wherein Plaintiff appearing *pro se* and the Defendants appear by _____.

The Court enters the following restraining order and preliminary injunction pursuant to Rule 65 of the Federal Rules of Civil Procedure and Local Rule 65.1. This is a temporary order and injunction and may be modified at a later date. The entry of this temporary order is not an indication of the Court's final decision on any issue in dispute.

> Defendant Tom Day and the employees, agents, assigns and successors, and all persons of the Defendant State of Kansas and Defendant Legislative Administrative Services are enjoined to immediately develop, implement, promulgate, and comply with a policy requiring the online broadcasting equipment, streaming audio and audiovisual content of the legislative proceedings, to be readily accessible with accurate and intelligible real-time captioning provided to achieve effective communication and equal participation for Plaintiff Haulmark.

# <u>EXHIBIT #3</u>

This order is binding upon service until vacated or modified by Court order. Willful violation of a temporary order may subject the offending party to sanctions for contempt of court.

IT IS SO ORDERED on this _____ day of _____, 2021, at Topeka, Kansas.

_____
JUDGE