# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF KANSAS

| | |
|---|---|
| **CHRIS HAULMARK**, | ) |
| Plaintiff, | ) |
| V. | ) |
| **STATE OF KANSAS**, | ) |
| **LEGISLATIVE ADMINISTRATIVE** | ) |
| **SERVICES**, | ) |
| and | ) Civil Action No.  5:20-cv-04084-EFM-TJJ |
| **TOM DAY**, in his official capacity as | ) |
| Director of Legislative Administrative | ) |
| Services, | ) |
| Defendants. | ) |
| _____ | ) |

### PLAINTIFF HAULMARK'S OPPOSITION TO DEFENDANTS' MOTION FOR EXTENSION OF TIME

COMES NOW Plaintiff Chris Haulmark, appearing *pro se*, hereby respectfully opposes the motion by Defendant State of Kansas and Defendant Legislative Administrative Services for an extension of time to respond to Plaintiff Haulmark's Complaint. (See Defendants' Motion for Extension of Time to File Response/Reply) (Docket No. 6) (hereinafter "Motion") In opposition, Plaintiff Haulmark states the follows::

### I. INTRODUCTION

1. State of Kansas and Legislative Administrative Services are the two Defendants (collectively "Two Defendants") that are currently sued for alleged ongoing and repeating violations of Title II of the Americans with Disabilities Act, 42 U.S.C. § 12131-12134 et seq. (hereinafter "ADA")

2. Two Defendants along with Defendant Tom Day operate the online broadcasting services, an ADA non-compliant service implemented years ago, to live stream the state's legislative proceedings in the form of audio-only and audiovisual content on the Kansas Legislature website, offered to the public free of charge.

3. Since the creation of the online broadcasting services, Two Defendants and Defendant Tom Day fail and refuse to furnish necessary accommodations upon repeated requests to achieve effective communication for Plaintiff Haulmark and other individuals with a hearing disability to allow them to participate in, benefit from, and enjoy the services, programs, and activities as mandated under the Title II of the ADA.

## II. ARGUMENT

4. Two Defendants submit the Motion to request for "additional thirty (30) days in which to file a response to Plaintiff's Complaint."

5. Two Defendants obtained Clerk's Extension to answer to Plaintiff Haulmark's Complaint on January 8th, 2021-- Friday before the first day of the 2021 Legislature Session.

6. Assistant Attorney General M.J. Willoughby, appearing in this case for all three Defendants, requested from Plaintiff Haulmark an extension of time for a response from Two Defendants, via email, approximately ten hours before the midnight deadline. This was just a few hours before the closing of the office of the Attorney General on the last day of the deadline.

7. Two Defendants fail to show the "views of" Plaintiff Haulmark in the Motion filed on January 22, 2021. See Local Rule 6.1(a)(1) ("must show [...] whether there has been prior consultation with other parties *and the views of other parties*") (Emphasis added)

8.    Two Defendants claim that they're dealing with "*usual* challenges associated with a legislative session" is a good cause, while there was always a legislative session every year since Kansas was admitted to the Union as a free state 160 years ago. (See Motion at ¶ 4) (Emphasis added)

9.    Two Defendants claim that they are trying to currently manage their issues that come with "new and additional challenges of *trying to conduct legislative activities* in a time of unprecedented Global Pandemic" is a good cause for delay of crafting a response to Plaintiff Haulmark's Complaint. (See Motion at ¶ 4) (Emphasis added). COVID-19 arrived in America nearly a year ago, on March 12, 2020. Governor Laura Kelly of Kansas proclaimed a State of Disaster Emergency within Kansas in relation to the COVID-19 pandemic.

10.    Two Defendants had ten months to prepare to conduct the legislative proceedings in an online virtual environment. Plaintiff Haulmark's requests for captioning had been in effect for nearly two years and had been continually ignored and refused, even before the COVID-19 pandemic arrived in America.

11.    Furthermore regarding the online broadcasting services, Kansas House Speaker Ron Ryckman shared to the Kansas Reflector[1] about the online access on the first day of the 2021 Legislature Session, "If there's a silver lining in all this for the Legislature, [ ] it's that we were able to jumpstart many of things we've wanted to do to increase online access to the process." All done while Plaintiff Haulmark and the individuals with hearing disabilities are continued to be denied effective communication and equal participation in the legislative proceedings.

---

[1] Kansas Reflector, "*Kansas Legislature commences annual session amid roiling COVID-19 pandemic*", https://kansasreflector.com/2021/01/11/kansas-legislature-commences-annual-session-amid-roiling-covid-19-pandemic/

12. Two Defendants claim that they are dealing with how "the vendor on the technology project had to quarantine two employees working on the project during the first week of the legislative session." (See Motion at ¶ 4). Additionally, Two Defendants assert that three days of schedule are lost due to Martin Luther King Day, and the State Capitol building being closed. (See Motion at ¶ 4). Despite that, the two employees were quarantined, and the holiday passed. Threats of domestic violence also forced the closing of the State Capitol building. This vendor is not a party of this case nor is coordinating with the Defendants to submit a response to Plaintiff's Complaint before the deadline expires.

13. These "excusable neglect" claims are of the events that occurred after the Clerk's Extension was issued and after the first day of the 2021 Legislature Session began.

14. Two Defendants do not share their claims of "excusable neglect" that occurred prior to the Clerk's Extension on January 11, 2021. Instead, their claims to request for extension of time began after the 2021 Legislative Session commenced on Monday, January 11, 2021. The "excusable neglect" claims, set forth by Two Defendants, apply only to why the services, programs, and activities continue to be non-compliant with the ADA.

15. As an act of bad faith, Two Defendants show their wish to delay this litigation with a motion for extension of time. They are to delay this litigation until their non-compliant services, programs, and activities are in compliance with the ADA to moot the reliefs, in the form of temporary restraining order, preliminary injunctive, and permanent injunctive, requested in Plaintiff Haulmark's Complaint.

16. Two Defendants fail to establish a "good cause" to prevail in a motion for a 30-day extension in pursuant to Rule 6(b)(1)(A) of the Federal Rules of Civil Procedure. Additionally, Plaintiff Haulmark shows prejudice, *inter alia*, that would result from the Motion.

17. Even if Two Defendants present "good cause" for the requested extension, a 30-day delay would be excessive and unjustifiable. In addition, no more than a 7-day extension possibility would be justified in this matter.

18. While Plaintiff Haulmark is a leader of this community, The Deaf community continues to suffer irreparable harm due to the fact that the state legislators are granted with legislative immunity and are responsible for creating policies that impact the lives of the members of the Deaf community; including Plaintiff Haulmark. As a result, Plaintiff Haulmark is unable to participate in democratic and legislative processes in the State of Kansas under First and Fourteenth Amendment protected rights.

19. It is not true that the "$2.74 million technology" is designed for ADA compliance for the online broadcasting service. (See Motion at ¶ 4). It is merely designed to ensure that all legislators, members of staff, employees within the state government, and all of the people including members of the public, except the individuals with a hearing disability and Plaintiff Haulmark, are able to participate in the legislative proceedings to minimize the risk of spreading COVID-19. The required captioning in the new Statehouse Virtual plan is not an unambiguous objective. The remarks by House Speaker Ron Ryckman in the article published by Kansas Reflector show that we cannot be certain that Two Defendants and Defendant Tom Day are unambiguously committed, with their six-months-old Statehouse Virtual Plan, for the effective communication and equal participation to be mandated as required under the ADA.

20. For years, Two Defendants and Defendant Tom Day are continuing, to this day, to violate the federal law of the ADA by live streaming the content of the legislative proceedings without affording Plaintiff Haulmark the effective communication and equal participation other individuals without hearing disabilities enjoy.

21. Unless the filed Motion for TRO (Docket No. 5) is granted in favor of Plaintiff Haulmark, any extra day awarded to Two Defendants is to prolong the irreparable harm inflicted upon Plaintiff Haulmark.

WHEREFORE, Plaintiff Haulmark requests that this Court deny Two Defendants' Motion for Extension of Time because Two Defendants fail to present an excusable neglect to answer to Haulmark's Complaint before the expiration of the deadline.

-----------------------------------------------------------------

| | |
|---|---|
| Respectfully submitted this 25th of January | /s/ChrisHaulmark<br>PLAINTIFF, *pro se*<br>chris@sigd.net<br>600 S. Harrison St<br>Apt #11<br>Olathe, KS 66061<br>512-366-3981 |

## CERTIFICATE OF SERVICE

I hereby certify that on this 25th of January, a true and correct copy of the above and foregoing document was sent via email as an attached file in format of PDF to the clerk of the U.S. District Court for the District of Kansas and a copy with postage prepaid was placed in mail of the U.S. Mail to the following:

>M.J. Willoughby
>Assistant Attorney General
>120 S.W. 10th, 2nd Floor
>Topeka, KS 66612

/s/ChrisHaulmark
PLAINTIFF, *pro se*
