IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS

| | |
|---|---|
| CHRIS HAULMARK, )<br>` Plaintiff, )<br>)<br>v. )<br>)<br>STATE OF KANSAS, et al., )<br>Defendants. )<br>) | Case. No. 20-cv-4084-EFM-TJJ |

**MOTION TO QUASH ATTEMPTED SERVICE OF PROCESS
WITH MEMORANDUM IN SUPPORT INCORPORATED AND IN THE
ALTERNATIVE, MOTION FOR EXTENSION OF TIME TO FILE RESPONSIVE
PLEADING**

Tom Day, sued in his official capacity as Director of the Division of Legislative Administrative Services, by and through the limited special appearance of the undersigned counsel to object to service and personal jurisdiction, moves to quash the attempted service of process on him for failure to comply with Federal Rule of Civil Procedure 4.  In the event the Motion to Quash is denied, Mr. Day requests an extension of time to respond to the Complaint of an additional fourteen days after service of notice of the Court's action.[1]

**Nature of the Matter Before the Court and Brief Statement of Facts**

Plaintiff Chris Haulmark filed this Complaint against the State of Kansas, Legislative Administrative Services, and Tom Day in his official capacity as Director of Legislative

---

[1] Denial of a motion to dismiss results in an automatic 14-day extension as per Fed. R. Civ. P 12(a)(4)(A). While motions to quash are not expressly mentioned in this rule, similar treatment is warranted. *Goldsberry v. Lewis,* 220 Kan. 69, 72, 551 P.2d 862 (1976) (treating a motion to quash as a motion under K.S.A. 60-212(b)).  Out of an abundance of caution and to avoid confusion, Mr. Day so requests.

Administrative Services.[2] The docket sheet indicates that summonses were issued to Plaintiff for service. No returns of service have been filed. As to Defendant Tom Day, it appears service was attempted by sending the summons and Complaint by certified mail to Mr. Day's office in the Capitol in Topeka.[3] The summons and complaint were not personally delivered to Mr. Day.[4] The record in this case does not reflect that Plaintiff attempted to serve Mr. Day by serving the Office of the Kansas Attorney General.

### Question Presented

Should the attempted service of process be quashed for failure to comply with Rule 4?

### Argument and Authorities

Because this suit is against Tom Day in his official capacity, Plaintiff must serve Mr. Day by following the rules for serving a state governmental agency set out in Federal Rule of Civil Procedure 4(j)(2).[5] Rule 4(j)(2) provides two options for serving a state agency. The first is "delivering a copy of the summons and of the complaint to its chief executive officer."[6] The second is "serving a copy of each in the manner prescribed by that state's law for serving a summons or like process on such a defendant."[7] Plaintiff's attempted service did not comply with either of these methods, so the Court lacks personal jurisdiction over Mr. Day.[8]

---

[2] Doc. 1.
[3] Declaration of Tom Day, at ¶ 2, attached as Exhibit A.
[4] Day Dec., ¶ 3.
[5] *See Fuller v. Kan. Dep't of Children & Families*, No. 16-2415-DDC-JPO, 2018 WL 1412063, at *2 (D. Kan. Mar. 21, 2018) (citing *Will v. Mich. Dep't of State Police*, 491 U.S. 58, 71 (1989)) ("When plaintiff brings a suit against government officials in their official capacity, plaintiff really brings a suit against the officials' office."); *Bernard v. Kan. Health Policy Auth.*, No. 09-1247-JTM, 2011 WL 768145, at *14 (D. Kan. Feb. 28, 2011) ("Fed. R. Civ. P. 4(j)(2) governs service upon a state officer served in his official capacity.").
[6] Fed. R. Civ. P. 4(j)(2)(a).
[7] Fed. R. Civ. P. 4(j)(2)(b).
[8] *Bernard*, 2011 WL 768145, at *14 ("A federal court lacks personal jurisdiction over a defendant if service of process is insufficient under Rule 4."); *Riddle v. Wichita Pub. Sch.*,

Presuming the entity is subject to suit, the first method requires "personal service on the chief executive officer and does not allow for service by mail."[9] By statute, the chief executive officer of the LAS is its Director Tom Day.[10] Tom Day has not been personally served with the summons or complaint.[11]

The other option for serving a state agency is following state law for serving summons. Under Kansas law, a state agency is served by serving the attorney general or an assistant attorney general.[12] The record does not reflect that the Attorney General or Assistant A.G. were served with Mr. Day's summons and complaint; in fact, they were not. Thus, Plaintiff has not complied with Kansas law for serving Tom Day in his official capacity. Nor can Plaintiff argue substantial compliance. Since K.S.A. 60-304(d) designates a particular recipient for process—the attorney general or an assistant attorney general—attempts to serve other individuals do not constitute substantial compliance.[13] A clerk's extension or other motion for extension of time or procedural motion does not waive objections to the sufficiency of service.[14]

---

*Unified, Sch. Dist. No. 259*, No. 04-1400-MBL, 2005 WL 1563444, at *1 (D. Kan. June 30, 2005) (citing *Omni Capital Int'l, Ltd. v. Rudolf Wolff & Co.*, 484 U.S. 97, 104 (1987)) ("Valid service of process is a prerequisite to a federal court's asserting personal jurisdiction over a defendant.").

[9] *See Fuller*, 2018 WL 1412063, at *2 (quoting *Garland v. Kan. Dep't of Revenue*, No. 93-4241-SAC, 1994 WL 66614, at *1 (D. Kan. Jan. 31, 1994)).

[10] K.S.A. 46-1212a (2019 Supp.).

[11] Day Dec., at ¶ 3.

[12] K.S.A. 60-304(d)(5) (2019 Supp.); *Bird v Kansas Dep't of Transp.*, 23 Kan. App. 2d. 164, 167, 928 P.2d 915, 917-18 (1996) (K.S.A. 60-304(d)(5) applies to state officials as well as state agencies).

[13] *See Schwab v. State of Kansas*, No. 16-4033-DDC-KGS, 2016 WL 4039613, at *4 (D. Kan. July 28, 2016) (citing *Rivera v. Riley Cty. Law Bd.*, No. 11-2067-JAR-JPO, 2011 WL 4686554, at *3 (D. Kan. Oct. 4, 2011); *Rader v. U.S.D. 259 Wichita Pub. Schs.*, No. 10-4118-KHV, 2011 WL 2144834, at *1 (D. Kan. May 31, 2011)).

[14] *Fisher v. DeCarvalho,* 298 Kan. 482, 486-87, 314 P.3d 214, 217 (2013); *Mondonedo v. Shawnee Ct. Dist. Atty.,* No. 108,934, 301 P.3d 789, 2013 WL 2321201, at * 2 (Kan. Ct. App. May 17, 2013); *Marshall v. Wendt,* 171 P.3d 285 (Kan. Ct. App. 2007) (procedural motion is not

**Conclusion**

Mailing the summonses to Mr. Day's office "is not a method authorized by the Federal Rules or Kansas law for service on government officials in their official capacity."[15] Because Plaintiff failed to properly serve him, the Court lacks personal jurisdiction over Mr. Day. Accordingly, Mr. Day requests that the Court enter an order quashing the attempted service on him. Alternatively, should the Motion to Quash be denied, Mr. Day requests an additional fourteen days in which to file a responsive pleading from notice of the Court's action.

Respectfully submitted,

OFFICE OF ATTORNEY GENERAL
DEREK SCHMIDT

/s M.J. Willoughby
M.J. Willoughby, KS 14059
Assistant Attorney General
120 SW 10th Avenue, 2nd Floor
Topeka, Kansas 66612-1597
Phone: (785) 296-2215; Fax: (785) 291-3767
Email: MJ.Willoughby@ag.ks.gov
*Attorney for Tom Day, sued in his official capacity as Director, LAS Under Limited Appearance*

**CERTIFICATE OF SERVICE**

I certify that on January 25, 2021, the foregoing was electronically filed with the clerk of the court using the CM/ECF system, which will send a notice of electronic filing to all participants, and a copy served by first-class mail postage prepaid addressed to: Chris Haulmark, 600 S. Harrison St., Apt. # 11, Olathe, KS 66061, Plaintiff pro se.

/s M.J. Willoughby
M.J. Willoughby, Assistant A.G.

---

a voluntary entry of appearance). Kansas "civil-procedure rules are based on the parallel Federal Rules of Civil Procedure." *Matter of Estate of Fechner*, 56 Kan. App. 2d 519, 527, 432 P.3d 93, 98 (2018).

[15] *See Fuller*, 2018 WL 1412063, at *2.