IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS

| | |
|---|---|
| CHRIS HAULMARK, | ) |
| Plaintiff, | ) |
| v. | ) Case. No. 20-cv-4084-EFM-TJJ |
| STATE OF KANSAS, et al., | ) |
| Defendants. | ) |

**REPLY IN SUPPORT OF MOTION FOR EXTENSION OF TIME**

The State of Kansas and Legislative Administrative Services, named as Defendants herein, by and through Assistant Attorney General M.J. Willoughby, submit this short Reply to Plaintiff's Response[1] and in support of the Motion for Extension of Time[2] requesting an order allowing an additional thirty (30) days in which to file a response to Plaintiff's Complaint. The Motion satisfies the liberal good cause standard for extensions of time, which are normally granted by the Court.[3]

---

[1] Doc. 7. The Motion complies with D. Kan. 6.1(a) as it recites that "Plaintiff objects to the requested extension of time." (Doc. 6). Further detail is not required and is not customary in this District. Plaintiff's objection based upon D. Kan. 6.1(a) is not well taken and is not reason for denial of the requested extension.
[2] Doc. 6.
[3] *Rachel v. Troutt,* 820 F.3d 390, 394 (10th Cir. 2016) (reversing a district court denial of a requested extension for abuse of discretion citing 4B Charles Alan Wright, Arthur R. Miller & Adam N. Steinman, *Federal Practice and Procedure* § 1165, at 605–08 (2015) for the proposition that requests for extension of time should normally be granted in the absence of bad faith by the requesting party or prejudice to another party).

1. Since the Motion for Extension was timely filed, the standard is good cause as per Fed. R. Civ. P. 6(b)(1)(A), not excusable neglect.[4]

2. The Response tacitly concedes the good cause standard is met.[5] The Response suggests seven (7) days should be sufficient.[6] However, no reason for the seven days is stated.[7] It is an entirely arbitrary time frame, not tied to anything.[8]

3. While the Response takes issue with some of the reasons stated for the requested extension, other reasons are not addressed in the Response, including that Plaintiff filed a Motion on January 21, 2021,[9] taking time away from the other responses due in this matter.  Those reasons alone establish good cause for the requested extension, which is a first request beyond the Clerk's Extension.

4. Plaintiff's Response does not show how Plaintiff will suffer prejudice from the requested extension or how the requested extension is in bad faith. No case law is cited. This is Plaintiff's third lawsuit on this subject.[10] According to Plaintiff, the same conditions have been in effect since January 2019.[11] Plaintiff voluntarily dismissed his last lawsuit, 20-4033, on December 16, 2020, after that matter had lingered for some time due at least in part to Plaintiff's own

---

[4] References to excusable neglect, Doc. 7, at ¶¶ 13-14, are inapposite.
[5] Doc. 7, at ¶ 17.
[6] *Id.*
[7] *Id.*
[8] Since the motion for extension was filed, a Motion to Quash was filed as to the remaining defendant. (Doc. 8). Given that not all defendants are properly before the Court, granting the requested extension will not result in unnecessary delay of the case in any event.
[9] Doc. 5. While Plaintiff refers to the Motion in his Response, that Motion is not before the Court at this time on this request for extension. It is a separate matter.
[10] Doc. 1, at ¶ 38 (referencing 19-121312-S, Kansas Supreme Court), and ¶ 56 (referencing 20-4033, D. Kan.).
[11] *See, e.g.,* Doc. 1, at ¶ 7.

actions, *e.g.,* failure to serve all defendants. Plaintiff dismissed 20-4033 only to immediately refile a 27-page Complaint on the same day, but with different defendants and somewhat different factual allegations and claims. The Complaint in 20-4084 is not identical to the Complaint in 20-4033.[12] Any additional modest delay necessary for having adequate time for response is not unfair to Plaintiff and is certainly not prejudicial, particularly given the challenges faced by anyone trying to conduct business and defend litigation in a time of Global Pandemic.[13] While Plaintiff argues the extension is requested to enable Defendants to argue the lawsuit is moot,[14] Defendants argued that point in the last lawsuit.[15] That is not a new argument. The Legislature Coordinating Council approved a technology improvement project in December 2019, including consideration of ADA accessibility, well before this lawsuit or even the last lawsuit was filed.[16] Plaintiff's allegation of prejudice is not specific to the requested extension but rather is general, referring to events going back "for years."[17] Plaintiff's Response fails to demonstrate specific prejudice to him if the requested extension of time is granted by the Court.

WHEREFORE, for the reasons previously stated and as further supported herein, the State of Kansas and Legislative Administrative Services request this Court enter an

---

[12] If necessary, the Court can take judicial notice of its own files as per Fed. R. Evid. 201.
[13] The Response acknowledges the Pandemic but seems to suggest it is no longer a factor. Doc. 7, at ¶¶ 9-10. While the COVID emergency was declared by the World Health Organization in March 2019, it still continues to justify emergency status, as demonstrated for example by the Kansas Supreme Court's continuing Administrative Orders on this subject, available at kscourts.org and subject to judicial notice as per Fed. R. Evid. 201.
[14] Doc. 7, at ¶ 15.
[15] Memorandum in Support of Motion to Dismiss, filed 8/24/20, Doc. 9, Question Presented # 1, in 20-4033, subject to judicial notice as per Fed. R. Evid. 201.
[16] *See Id.*
[17] Doc. 7, at ¶ 20.

Order granting an extension of answer deadline allowing 30 additional days to answer or otherwise plead to Plaintiff's Complaint, up to and including February 22, 2021, and or such other and further relief as this Court deems just and proper.

Respectfully Submitted,

OFFICE OF ATTORNEY GENERAL
DEREK SCHMIDT

*s/ M.J. Willoughby*
M.J. Willoughby, No. 14059
Assistant Attorney General
Memorial Bldg., 2nd Floor
120 SW 10th Avenue
Topeka, Kansas 66612-1597
Tel:  (785) 296-2215
Fax:  (785) 291-3767
Email:  mj.willoughby@ag.ks.gov
*Attorney for State of Kansas, Legislative Administrative Services*

## CERTIFICATE OF SERVICE

This is to certify that on this 26th day of January, 2021, the above and foregoing was electronically filed with the Clerk of the Court by using the CM/ECF system, which sent notice of electronic filing and a copy served on Plaintiff by depositing the same in the United States Mail, first class postage prepaid, addressed as follows:

Chris Haulmark
600 S. Harrison St., Apt. # 11
Olathe, KS 66061
Plaintiff pro se.

*s/ M.J. Willoughby*
M.J. Willoughby
Assistant Attorney General
