# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF KANSAS

| | |
|---|---|
| **CHRIS HAULMARK**, | ) |
| Plaintiff, | ) |
| V. | ) |
| **STATE OF KANSAS**, | ) |
| **LEGISLATIVE ADMINISTRATIVE** | ) |
| **SERVICES**, | ) |
| and | ) Civil Action No.  5:20-cv-04084-EFM-TJJ  |
| **TOM DAY**, in his official capacity as | ) |
| Director of Legislative Administrative | ) |
| Services, | ) |
| Defendants. | ) |
| _____ | ) |

### PLAINTIFF HAULMARK'S MOTION TO STRIKE AND/OR IN OPPOSITION TO DEFENDANT'S MOTION TO QUASH

COMES NOW Plaintiff Chris Haulmark, appearing *pro se* and in pursuant to Rule 12(f)(2) of the Federal Rules of Civil Procedure, hereby moves the Court to grant the Motion to Strike in favor of Plaintiff Haulmark on Defendant Tom Day's Motion to Quash. (See Defendants' Motion to Quash) (Docket No. 8) (hereinafter "Quash") This Motion to Strike is based on the Complaint (Docket No. 1), Motion for TRO (Docket No. 5), the Response to Motion (Docket No. 7), and the following statements and authorities:

### I. INTRODUCTION

1.      The Complaint in the above captioned matter was filed on December 16, 2020 to seek damages, including compensatory damages, equitable relief, including declaratory and injunctive relief, award of attorney fees if counsel is ever retained by Plaintiff Haulmark, and

expenses of court against the named Defendants, alleging ongoing and repeating violations of Title II of the Americans with Disabilities Act, 42 U.S.C. § 12131-12134 *et seq.* (hereinafter "ADA").

## II. MOTION TO STRIKE AND/OR IN OPPOSITION TO DEFENDANT'S MOTION TO QUASH

2.      Defendant Tom Day moves to quash the attempted service of process on him for Plaintiff Haulmark's failure to comply with Rule 4(j)(2) of the Federal Rules of Civil Procedure and K.S.A. 60-304.

3.      Three signed, sealed, and dated Summonses were issued by the Clerk against Defendant Tom Day, Defendant Legislative Administrative Services, and Defendant State of Kansas on December 16, 2020.

4.      One of the envelopes-- enclosing copies of the Complaint, Exhibits, and one Summons issued against Defendant Tom Day-- was addressed to the office of the Legislative Administrative Office bearing the name of Defendant Tom Day. Another envelope-- enclosing copies of the Complaint, Exhibits, and two Summonses, issued against Defendant State of Kansas and Defendant Legislative Administrative Services-- was addressed to the office of the Attorney General bearing the name of Derek Schmidt.

5.      Both envelopes were mailed via the USPS mail service as the signature required return receipt delivery.  The mail addressed to Defendant Tom Day was delivered on December 19, 2020 (See Declaration of Tom Day at ¶ 2) while the mail addressed to Schmidt was delivered on December 18, 2020. (See Proof of Service) (Docket No. 10 & No. 11)

6.      Plaintiff Haulmark received both return receipts-- on December 24, 2020 for the mail addressed to Defendant Tom Day and on December 26, 2020 for the other mail addressed to Schmidt.

7.      If properly served, the answers from Defendant State of Kansas and Defendant Legislative Administrative Services were due on January 8, 2021 and an answer from Defendant Tom Day was due on January 11, 2021.

8.      Since January 8, 2021, Assistant Attorney General M.J. Willoughby from the office of the Kansas Attorney General is shown in the docket representing all of the Defendants.

9.      Through Willoughby, all of the Defendants obtained a Clerk's Fourteen-Day Extension on the same day Willoughby appeared. Because of this Clerk's Extension, the due date for answers from Defendant State of Kansas and Defendant Legislative Administrative Services were extended to January 22, 2021.  In addition to the Clerk's extension, the due date for answer from Defendant Tom Day was extended to January 25, 2021.

10.     Through their counsel, Defendant State of Kansas and Defendant Legislative Administrative Services made a motion for extension of time to file response/reply on January 22, 2021.

11.     On the last day of plead or response deadline on January 25, 2021 and through his counsel, Defendant Tom Day submitted a motion to quash. This motion, requested to be a motion under K.S.A. § 60-212(b), includes a tactic to obtain an extension of time to respond to Plaintiff Haulmark's Complaint.

12.     Defendant Tom Day asserts, "Plaintiff must serve Mr. Day by following the rules for serving a state governmental agency set out in Federal Rule of Civil Procedure 4(j)(2)[,]" citing *Fuller v. Kan. Dep't of Children & Families,* No. 16-2415-DDC-JPO, 2018 WL 1412063, (D. Kan. Mar. 21, 2018).  (See Quash on Page 2)

13.     Before the finding in *Fuller* is considered, we must look at *Norouzian v. University of Kansas Hospital Authority*, CIVIL ACTION No. 09-02391-KHV-JPO (D. Kan. June 18, 2010). This case discusses Kansas University Medical Center's assertion that it has not been properly

served with process.  The argument by this defendant has been determined to be without merit due to K.S.A. § 60-203(c), "filing a formal entry of appearance has the same effect as service." (See *Id*.)

14.     Assistant Attorney General M.J. Willoughby made the appearance on behalf of Defendant Tom Day and "cannot later contest the sufficiency of service of process." (See *Id*.) (citing *Jenkins v. City of Topeka*, 136 F.3d 1274, 1276 (10th Cir. 1998)) "Once counsel formally takes such action on defendant's behalf prior to any responsive pleading, defendants cannot thereafter contest the sufficiency of service by answer or motion." (See *Norouzian) (*citing *Super Film of Am. v. UCB Films*, No. 02-4146-SA, 2004 WL 1732307, at *1 (D. Kan. 2004) (citation and internal quotation marks omitted)))

15.     If this Quash cannot be stricken based on K.S.A. § 60-203(c) when Plaintiff's Haulmark's service of process is contested, then we must look at how the Kansas law requires only substantial compliance with service of process requirements. "Substantial compliance with any method of serving process effects valid service of process if the court finds that, notwithstanding some irregularity or omission, the party served was made aware that an action or proceeding was pending in a specified court that might affect the party or the party's status or property." K.S.A. § 60-204.

16.     The Kansas Supreme Court has defined "substantial compliance" as "compliance in respect to the essential matters necessary to assure every reasonable objective of the statute." (See *Fisher v. DeCarvalho*, 314 P.3d 214, 219 (Kan. 2013)) (citation and internal quotation marks omitted). And the Kansas Supreme Court "read[s] the statutory language [of K.S.A. § 60-204] as suggesting that the legislature believed that the paramount objective of any method of service of process is that 'the party served was made aware that an action or proceeding was pending in a

specified court in which his or her person, status or property were subject to being affected.'" (See *Fisher*)

17.     In his assertion of improper service, Defendant Tom Day argues that his summons must be enclosed with the other two summonses when mailed to the office of the Attorney General.  Had Plaintiff Haulmark not omitted Defendant Tom Day's summons in the envelope destined for the Attorney General, then this service of process would be proper for Defendant Tom Day.

18.     Defendant Tom Day admits in his Declaration of Tom Day (at ¶ 2) (Docket No. 8-1) being aware of Plaintiff Haulmark's Complaint and has been summoned.

19.     Here, Defendant Tom Day, being "the party served," does not dispute that he "was made aware that an action or proceeding was pending in a specified court in which his [...] person, status or property were subject to being affected." K.S.A. § 60-204. "Before there can be valid service pursuant to K.S.A. 60-204, there must be substantial compliance with some method of service and, thereafter, irregularities and omissions will be cured by awareness of the action. " *Fulcher v. City of Wichita*, 445 F. Supp. 2d 1271, 1275 n.1 (D. Kan. 2006).

20.     Additionally, Defendant Tom Day does not allege that the summons, issued against him, and the copy of Haulmark's Complaint did not reach him.  Defendant Tom Day has received notice of the lawsuit and demonstrated with the Clerk's Extension and the Quash motion, filed on the last day of the deadline to answer, as to his ability to defend.

21.     Unsurprisingly, it is the wish of Defendant Tom Day, as the other Defendants, to delay this judicial process whether this Quash is granted or dismissed. (See Quash at n.1) If this Quash is dismissed, the automatic 14-day extension granted, and the Motion for TRO (Docket No. 5) has not been granted in favor of Plaintiff Haulmark, the irreparable harm will be prolonged upon Plaintiff Haulmark. (See ¶¶ 18-21 in Response to Motion) (Docket No. 7) This is why this

Quash must be stricken or be constructed as a motion to dismiss for insufficient service of process.

22.     If Defendant Tom Day's Quash is constructed as a motion to dismiss for insufficient service of process, this motion must be denied because it has not been 90 days since Plaintiff Haulmark's Complaint has been filed. The last day of this 90 day is on March 16, 2021.

23.     Defendant Tom Day does not request for extension of time to respond to Plaintiff Haulmark's Complaint pursuant to Rule 6 of the Federal Rules of Civil Procedure and Local Rule 6.1.

WHEREFORE, Plaintiff Haulmark requests that this Court grant this motion to strike against Defendant Tom Day's Quash. Otherwise, to dismiss the motion to quash on the grounds the service of process on Defendant Tom Day was proper.

-----------------------------------------------------------------

Respectfully submitted this 28th of January

/s/ChrisHaulmark
PLAINTIFF, *pro se*
chris@sigd.net
600 S. Harrison St
Apt #11
Olathe, KS 66061
512-366-3981

## CERTIFICATE OF SERVICE

I hereby certify that on this 28th of January, a true and correct copy of the above and foregoing document was sent via email as an attached file in format of PDF to the clerk of the U.S. District Court for the District of Kansas and a copy with postage prepaid was placed in mail of the U.S. Mail to the following:

M.J. Willoughby
Assistant Attorney General
120 S.W. 10th, 2nd Floor
Topeka, KS 66612

/s/ChrisHaulmark
PLAINTIFF, *pro se*