IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS

| | |
|---|---|
| CHRIS HAULMARK, )<br>` Plaintiff, )<br> )<br>v. )<br> )<br>STATE OF KANSAS, et al., )<br> Defendants. )<br> ) | Case. No. 20-cv-4084-EFM-TJJ |

**RESPONSE IN OPPOSITION TO PLAINTIFF'S MOTION TO STRIKE
AND REPLY IN SUPPORT OF MOTION TO QUASH**

Tom Day, sued in his official capacity as Director of the Division of Legislative Administrative Services, by and through the limited special appearance of the undersigned counsel to object to service and personal jurisdiction, submits this Response in opposition to the Motion to Strike filed by Plaintiff Chris Haulmark, Doc. 12. Because Plaintiff's Motion to Strike is styled in the alternative as a Response to the Motion to Quash, Mr. Day also replies in support of the Motion to Quash, Doc. 8. The Motion to Strike should be denied and Tom Day's Motion to Quash should be granted by the Court.

**I.      The Motion to Strike Is Improper and Should Be Denied**

Plaintiff's Motion to Strike should be denied for several reasons. *First,* as stated in Rule 12(f), motions to strike may be directed only against "*pleadings*."[1]  Pleadings are defined in Fed.

---

[1] Fed. R. Civ. P. 12(f) ("The court may strike from a *pleading*. . ..") (emphasis added).

R. Civ. P. 7(a).[2]  A motion is not a pleading as it is not listed in Rule 7(a).[3] Therefore, a motion to strike is not proper as to a motion, as is being attempted here.[4] As the Honorable Kathryn Vratil of this District stated in denying a motion to strike a summary judgment motion:

> Rule 12(f) authorizes the Court to strike material from *pleadings.* A motion for summary judgment is not a pleading. *See* Fed. R. Civ. P. 7(a) (pleadings including complaint, answer, answer to counterclaim, answer to crossclaim, third-party complaint, answer to third-party complaint and reply to answer if ordered by court); *Trujillo v. Bd. of Educ. of Albuquerque Pub. Schs.,* 230 F.R.D. 657, 660 (D.N.M. 2005) (complaint, answer and reply constitute pleadings; motions and other papers not pleadings). The Federal Rules of Civil Procedure do not provide for motions to strike motions or memoranda. *See In re Cessna 208 Aircraft Prods. Liability Litig.,* No. 05-md-1721-KHV, 2007 WL 2253479, at * 1 (D. Kan. July 27, 2007); *Searcy v. Soc. Sec. Admin.,* No. 91-4181, 1992 WL 43490, at * 2 (10th Cir. Mar. 2, 1992); *Trujillo,* 230 F.R.D. at 660. The Court therefore declines to strike plaintiff's motion for summary judgment. . . ..[5]

*Second,* a motion to strike is limited to striking "*from a pleading* an insufficient defense or any *redundant, immaterial, impertinent or scandalous matter*."[6] The movant faces a high bar of showing "the material has no possible relation to the controversy and may prejudice the opposing party."[7]  Motions to strike are disfavored and are rarely granted.[8] Motions to strike are considered "purely cosmetic or time wasters."[9]

Plaintiff's filing presents nothing to meet his high burden on a Motion to Strike, failing to show that the Motion to Quash "has no possible relation to the controversy and may prejudice" him. At most, Plaintiff argues that the Motion to Quash is prejudicial because it might delay the

---

[2] Fed. R. Civ. P. 7(a) defines pleadings as: "(1) a complaint; (2) an answer to a complaint; (3) an answer to a counterclaim designated as a counterclaim;(4) an answer to a crossclaim;(5) a third-party complaint;(6) an answer to a third-party complaint; and (7) if the court orders one, a reply to an answer."
[3] *Id.*
[4] *See, e.g., Palmer v. Shawnee Mission Medical Center, Inc.*, No. 16-2750-DDC-GLR, 2017 WL 5629624, * 2 (D. Kan. Nov. 22, 2017) (citations omitted).
[5] *Creamer v. Gildemeister,* No. 15-4871-KHV-TJJ (D. Kan. Jan. 21, 2016) (attached as Exhibit A hereto as per D. Kan. 7.6(c)).
[6] Fed. R. Civ. P. 12(f) (emphasis added).
[7] *Dolezal v. Starr Homes, LLC,* No. 2:18-CV-0254, 2019 WL 587959, * 1 (D. Kan. Feb. 13, 2019) (citations omitted); *Palmer, at* *2 (citations omitted).
[8] *United States v. Hardage,* 116 F.R.D. 460, 463-64 (W.D. Okla. 1987).
[9] *Lane v. Page,* 272 F.R.D. 581, 587 (D.N.M. 2011).

District Court's consideration of Plaintiff's recently-filed Motion for Temporary Restraining Order/Preliminary Injunction, Doc. 5.[10] However, Plaintiff's Motion has already been responded to, notwithstanding that no answers or other responses to the Complaint had been filed.[11] No prejudice has been shown or can be shown.

*Third,* by filing his Motion to Strike, Plaintiff responded to Mr. Day's Motion, thus conceding or confessing it.[12]

### II. The Motion to Quash Should Be Granted

#### A. Plaintiff Admits the Facts and Law of Day's Motion

In the Motion to Quash, Mr. Day argued that he was not properly served with process as required by Fed. R. Civ. P. 4 as the summons came to his Office in the Capitol in the mail, and not by personal delivery to him.[13] Mr. Day also pointed out that the summons issued to Mr. Day was not served upon the Kansas Attorney General's Office.[14] Plaintiff's Response admits these facts, *i.e.,* that he attempted to serve Mr. Day only by placing an envelope in the mail addressed to Mr. Day at the Capitol.[15] Plaintiff admits he did not personally deliver the summons to Mr. Day.[16] Plaintiff admits that the summons with Mr. Day's name on it was not included in the mailing to the Office of Attorney General.[17] The Proofs of Service recently filed[18] are lacking in detail,

---

[10] Doc. 12, at ¶ 21.
[11] Doc. 14.
[12] *Shaffer v. United States of America,* No. CIV-03-14-HE, 2003 WL 21254879, * 1 (W.D. Okla. 2003).
[13] Doc. 8.
[14] *Id.;* Doc. 12, at ¶¶ 4, 5, 17 (acknowledging Day's summons was not included in the mailing to the Attorney General's Office).
[15] Doc. 12, at ¶¶ 4-5.17.
[16] *Id.*
[17] Doc. 12, at ¶¶ 4-5, 17 (admitting that he omitted the Day summons from the mailing to the Attorney General's Office).
[18] Docs. 10, 11.

3

inaccurate, and are contradicted by the attached green cards which show that the only attempted service on Tom Day was at the Capitol as Mr. Day has already stated.[19]

In addition to admitting the facts upon which the Motion to Quash was based, Plaintiff's Motion does not distinguish the authorities cited in the Motion to Quash regarding what is required under Fed. R. Civ. P. 4 to properly serve a state official sued in his official capacity. The Response concedes that the attempted service on Tom Day was defective as a matter of law.

### B.  Substantial Compliance Does Not Excuse the Admittedly Defective Service

Given his admission that service was defective, Plaintiff argues that his failure to make proper service should be deemed excused, citing the general idea of substantial compliance. Plaintiff's Response cites no federal case law supporting his position.[20]

In the Motion to Quash,[21] Mr. Day cited authority that the substantial compliance doctrine did not apply where the statute requires service upon a particular person, particularly in the context of a suit on a governmental entity, *i.e.*, *Schwab v. State of Kansas*, No. 16-4033-DDC-KGS, 2016 WL 4039613, at *4 (D. Kan. July 28, 2016) (citing *Rivera v. Riley Cty. Law Bd.*, No. 11-2067-JAR-JPO, 2011 WL 4686554, at *3 (D. Kan. Oct. 4, 2011); and *Rader v. U.S.D. 259 Wichita Pub. Schs.*, No. 10-4118-KHV, 2011 WL 2144834, at *1 (D. Kan. May 31, 2011)).  Plaintiff's Response

---

[19] Although the face of the return, Doc. 11, appears to state that Plaintiff served Tom Day's summons at the Office of Attorney General on the same date as the other two summons, and that all of those summonses were addressed to the non-party "Derek Schmidt," none of this is correct. The attached green cards included in Docs. 10-1 and 11-1 show service was attempted on Tom Day only at his Office at the Capitol, as Day has already stated in Doc. 8-1. Plaintiff's Response at paragraphs 4, 5 and 17 admits that the Day summons was not included in the packet sent to the Attorney General's Office. If there were any doubt on the matter, the fact that Plaintiff failed to serve Day's summons at the Office of Attorney General is demonstrated by the Declaration of Donna Wells, attached hereto with the mailing received.

[20] The sole federal case cited on this point in the Response is a partial quote from a footnote in *Fulcher v. City of Wichita,* 445 F. Supp. 2d 1271, 1275 n.1 (D. Kan. 2006), but Plaintiff miscites the case. In *Fulcher,* the Court rejected the Plaintiff's substantial compliance argument, noting that a defendant's knowledge of pending litigation is not a substitute for proper service, citing *Dunn v. City of Emporia,* 7 Kan. App. 2d 445, 450, 643 P.2d 1137 (1982). The Court in *Fulcher* also found that the police chief defendant had not been properly served in compliance with state law. 445 F. Supp. 2d at 1275.

[21] Doc. 8, at n.3.

4

does not distinguish these cases, which control here. As the Court stated in dismissing a similar substantial compliance argument in *Wanjiku v. Johnson County,* where the statute requires service on a particular person, the Court must enforce the statutory requirement.[22]

Plaintiff makes the argument that Mr. Day knew about the suit, and therefore, proper service of summons is not required. However, Kansas law has long been to the contrary. "The fact that a party has actual knowledge of the pendency and the nature of an action against him or her is not a substitute for service. Notice or knowledge must come from process of service, or there must be a valid waiver."[23] And in *Marshall v. Wendt,* the Kansas Court of Appeals rejected this argument stating:

> Here, Wendt did have actual knowledge of Marshall's refiled petition, as evidenced by Wendt's answer to the petition. However, actual knowledge of the pendency of an action is not a substitute for service. *Cook v. Cook,* 32 Kan.App.2d 214, 220–22, 83 P.3d 1243 (2003), *reh. denied* 277 Kan. 923 (2004). Otherwise, it would be meaningless for a party to ever assert insufficiency of service of process as a defense.[24]

Plaintiff's argument is contrary to Mr. Day's cited cases requiring compliance with statutory requirements regarding service. If Plaintiff's argument were correct, there would be no need for service of summons at all, or for particular rules regarding service, in order to attain personal jurisdiction over a defendant. Fed. R. Civ. P. 4 would be a nullity and could be excised from the Federal Rules of Civil Procedure. Under Plaintiff's argument, a statement on the Internet that a lawsuit had been filed could be sufficient service. But to date, Rule 4 still exists and as the Tenth Circuit has stated, "[a] pro se plaintiff still must comply with Rule 4 and Kansas law regarding service of process."[25]

---

[22] 173 F. Supp. 3d 1217, 1234 (D. Kan. 2016) (citing *Rivera* and *Rader*).
[23] *State Board of Regents v. Skinner,* 267 Kan. 808, 812, 987 P.2d 1096 (1999).
[24] 171 P.3d 285, 2007 WL 4246876, at * 5 (Kan. Ct. App. 2007).
[25] *DiCesare v. Stuart,* 12 F.3d 973, 980 (10th Cir. 1993).

An additional critical point to be made here is that Plaintiff is not attempting to sue Tom Day as an individual. Rather, Plaintiff is suing a governmental entity by suing Tom Day in his official capacity as a State of Kansas official.[26] In addition to the idea that the government has a right by statute to state the manner in which it may be served, one of the ostensible purposes of K.S.A. 60-304(d)(5) and requiring service upon the Office of Attorney General is to make sure that the governmental entity receives proper and timely notice of a lawsuit. An individual official's knowledge or lack of pending litigation is even more irrelevant when the governmental entity is the actual defendant than it is with a suit against an individual. Further, as a general principal of law, the United States Supreme Court has repeatedly emphasized that alleged waivers by a sovereign such as a governmental entity must be "unequivocally expressed" in the relevant statutory text, and waivers are strictly construed against findings of waiver in favor of the sovereign.[27] There is nothing here to meet the high standard for governmental waiver.

Substantial compliance does not apply; nor is alleged notice the test, particularly as to a governmental entity. Under the arguments and authorities cited in the Motion to Quash, which are not disputed in Plaintiff's filing, Plaintiff has not met his burden of establishing proper service.[28]

### C. Plaintiff's Argument about Waiver is Incorrect and Unsupported

Acknowledging service was defective, Plaintiff's Response argues that Mr. Day has waived an objection to service and personal jurisdiction because a proposed clerk's extension was

---

[26] Doc. 1; *see Fuller v. Kan. Dep't of Children & Families*, No. 16-2415-DDC-JPO, 2018 WL 1412063, at *2 (D. Kan. Mar. 21, 2018) (citing *Will v. Mich. Dep't of State Police*, 491 U.S. 58, 71 (1989)) ("When plaintiff brings a suit against government officials in their official capacity, plaintiff really brings a suit against the officials' office.");
[27] *See, e.g., Department of Army v. Blue Fox, Inc.,* 525 U.S. 255, 260-61 (1999); *Lane v. Pena,* 518 U.S. 187, 192 (1996); *United States v. Nordic Village, Inc.,* 503 U.S. 30, 33-34 (1992).
[28] *Wanjiku v. Johnson County,* 173 F. Supp. 3d 1217, 1223 (D. Kan. 2016) (plaintiff has the burden of establishing proper service) (citation omitted).

submitted to the Clerk via email as per local rule. However, as stated in the Motion to Quash, a motion for extension of time has been held not to waive objections to service.[29]

In *Fisher,* cited in the Motion to Quash, the Kansas Supreme Court holds: "…we follow the precedent that requesting an extension of time to file an answer is not a waiver of defendant's challenge to personal jurisdiction based upon insufficiency of service of process. . .."[30]

In *Mondonedo,* also cited in the Motion to Quash, the Kansas Court of Appeals expressly rejected the very argument Plaintiff is making here, stating:

> First, Mondonedo suggests that the attorney general effectively entered his appearance by obtaining a clerk's extension of time to answer the petition, thereby curing any defect in service of process. The authority he cites does not support his argument, however. K.S.A.2012 Supp. 60–203(c) does provide that "[t]he filing of an entry of appearance has the same effect as service." But the attorney general did not enter an appearance here; he simply filed a motion on behalf of the district attorney for an extension of time to answer. A motion for extension of time to answer is not a waiver to the lack of jurisdiction due to insufficiency of process. Rather, the defense of insufficient service of process is waived only when it is not properly raised by motion or in the answer as provided in K.S.A.2012 Supp. 60–212(h)(1). There was no such waiver here.[31]

In *Marshall v. Wendt,* cited in the Motion to Quash, the Kansas Court of Appeals stated:

> Marshall argues that Wendt acknowledged service of process by voluntarily appearing when he filed a motion for extension of time to answer the petition and also when he filed a request for statement of monetary damages. We disagree.

> Wendt's motion for extension of time to answer did not constitute a voluntary entry of appearance. In *Haley v. Hershberger,* 207 Kan. 459, 463–66, 485 P.2d 1321 (1971), the court addressed a similar question. The *Haley* court held:

> "A motion for extension of time to answer, or an extension of time to take depositions, or to require the production of documents for inspection and copying before answer, may not be regarded as a waiver of lack of jurisdiction of the person of defendant because of insufficiency of process, or insufficiency of service of process."  207 Kan. 459, Syl. ¶ 4.

> Marshall argues *Haley* is no longer good law because K.S.A. 60–303(e) was enacted by the legislature after the *Haley* decision in 1971. Again, we disagree. When the legislature

---

[29] Doc. 8, at 3 n.14 (citing *Fisher v. DeCarvalho,* 298 Kan. 482, 486-87, 314 P.3d 214, 217 (2013); *Mondonedo v. Shawnee Ct. Dist. Atty.,* No. 108,934, 301 P.3d 789, 2013 WL 2321201, at * 2 (Kan. Ct. App. May 17, 2013); *Marshall v. Wendt,* 171 P.3d 285 (Kan. Ct. App. 2007) (procedural motion is not a voluntary entry of appearance)).
[30] 298 Kan. at 495.
[31] 2013 WL 2321201, at * 2.

enacted the language now contained in K.S.A. 60–303(e), it was not a change in the law. See L.1990, ch. 202, secs. 4 and 5. When *Haley* was decided in 1971, nearly the exact language of what is now K.S.A. 60–303(e) existed in K.S.A. 60–304(h) (Corrick 1963). Thus, the Kansas Supreme Court has expressly held that the filing of a motion for extension of time to answer does not constitute a voluntary entry of appearance. See *Haley,* 207 Kan. at 465–66. This court is duty bound to follow Kansas Supreme Court precedent, absent some indication the court is departing from its previous position. *Noone v. Chalet of Wichita,* 32 Kan.App.2d 1230, 1236, 96 P.3d 674, *rev. denied* 278 Kan. 846 (2004).

Also, the filing of Wendt's motion for actual amount of monetary damages pursuant to Supreme Court Rule 118 (2006 Kan. Ct. R. Annot. 182) did not constitute a voluntary entry of appearance sufficient to waive service of process. Both the Rule 118 motion and the answer were filed at the exact time, October 3, 2005, at 11:24 a.m. For all intents and purposes, Wendt filed the documents simultaneously. Furthermore, the Rule 118 motion was procedural only and did not raise any substantive issues concerning the lawsuit. This document did not constitute a voluntary entry of appearance for the same reason that the motion for extension of time to answer was not a voluntary entry of appearance. Wendt preserved his challenge to the insufficiency of process and statute of limitations in his answer pursuant to K.S.A. 60–212(b).

171 P.3d 285, 2007 WL 4246876, at ** 5-6 (Kan. Ct. App. 2007)

Plaintiff's Response does not acknowledge or distinguish Mr. Day's cited authorities. In addition to long-standing Kansas precedent, in *Mondonedo,* the Kansas Court of Appeals rejected the Plaintiff's waiver argument also based upon K.S.A. 60-212(h), which expressly provides that insufficiency of service of process is only waived when not combined with an initial K.S.A. 60-212(b) motion or an answer.[32] Since K.S.A. 60-212(b) is substantively identical to Fed. R. Civ. P. 12(h), the same rationale would apply as per Fed. R. Civ. P. 12(h).

Plaintiff's Response relies upon *Norouzian v. University of Kansas Hosp. Auth,* 09-2391-KHV-JPO (D. Kan. June 18, 2010), which cites *Jenkins v. City of Topeka,* 136 F.3d 1274, 1276 (10th Cir. 1998) (a diversity case), and *Super Film of America, Inc. v. UCB Films, Inc.,* No. 02-4146-SAC, 2004 WL 1732307 (D. Kan. July 9, 2004) (also a diversity case). None of these three cases involved a defendant seeking a clerk's extension. None of these cases involve a pre-answer

---

[32] *Id.*

motion for extension of time. Rather these cases involved a Formal Entry of Appearance being filed, as well as substantial delay by defendants in raising the service issue. Neither of these circumstances apply here. Both *Nourouzian* and *Jenkins* also involved unusual facts.

In *Norouzian,* Plaintiff sued the University of Kansas Medical Center ("KUMC") for an employment discrimination case.[33] On September 4, 2009, a non-party, University of Kansas Health Authority ("UKHA"), voluntarily jumped in to the lawsuit, answered the complaint, and asserted that it, not KUMC, was the proper defendant.[34] On September 8, 2009, an attorney filed a formal entry of appearance for the initially named defendant, KUMC.[35] On December 17, 2009, UKHA moved to substitute itself for KUMC which was granted by the Court.[36] Plaintiff moved for reconsideration, which was granted on April 6, 2010 with the Magistrate ordering both KUMC and UKHA joined as defendants and ordering KUMC to answer on or before April 20, 2010.[37] At that point, KUMC moved to dismiss for improper service.[38] The Court ruled that because an attorney for KUMC had filed a formal entry of appearance on September 8, 2009, the service argument was waived citing K.S.A. 60-203 and *Jenkins v. City of Topeka.*[39]

In *Jenkins,* a personal injury case premised on diversity jurisdiction, the defendants on May 9, 1996 filed a document entitled, "ENTRY OF APPEARANCE"[40] then an answer, and then the case proceeded with discovery and scheduling. After all of this, defendants brought up the service issue in December 1996, *seven months after filing the entry of appearance,* after the statute of limitations had run.[41] The Magistrate granted the motion to dismiss on statute of limitations

---

[33] 2010 WL 11523648, at * 1.
[34] *Id,*
[35] *Id.*
[36] *Id.*
[37] *Id.*
[38] *Id*
[39] *Id.,* at * 2.
[40] *Id.*, at 1275 (capitalization in original).
[41] *Id.*

9

grounds.[42] The Tenth Circuit reversed, holding that the defendants' entry of appearance effected service under K.S.A. 60-203 on May 9, 1996, and thus, the statute of limitations was met.[43]

In Plaintiff's cited cases, formal entries of appearance were filed and the Court relied upon that in finding belatedly asserted objections to service had been waived. Although not expressly stated, an additional underlying factor in the Courts' rulings may have been that the cases had been ongoing for quite some time before the service issue was raised. In *Jenkins,* the issue was only raised after an entry of appearance had been filed, an answer had been filed, some discovery and scheduling had occurred, and after the statute of limitations had run. Here by contrast, no document entitled "ENTRY OF APPEARANCE" was filed on behalf of Tom Day. No answer has been filed. No scheduling or discovery has been conducted. The service issue was promptly brought to the Court's attention via the Motion to Quash.

While Plaintiff cites K.S.A. 60-203,[44] and though it was cited in *Jenkins* (a diversity case), the Kansas statute does not by its terms apply in federal court.[45] The federal counterpart, Fed. R. Civ. P. 3, is not the same as K.S.A. 60-203. Fed. R. Civ. P. 3 does not contain a provision similar to K.S.A. 60-203(c). This is one of the provisions where Kansas law deviates from federal law, as there is no federal rules equivalent. So where K.S.A. 60-203(c) expressly provides for a waiver of objections to service when an "Entry of Appearance" is filed, Fed. R. Civ. P. 3 does not contain similar express language regarding waiver. Even where K.S.A. 60-203 applies, K.S.A. 60-203(c) is quite specific, applying only to "the filing of an entry of appearance."[46] Here, no Entry of

---

[42] *Id.*
[43] *Id.*, at 1276.
[44] Doc. 12, at ¶¶ 13 and 15.
[45] K.S.A. 60-201 (stating the Kansas civil procedure code applies in state district court proceedings).
[46] K.S.A. 60-203(c): "*Entry of Appearance* . The filing of an entry of appearance has the same effect as service. Written contact with the court by a defendant, or an attorney for the defendant invoking protection for the defendant under the servicemembers civil relief act (50 U.S.C. § 501 et seq.), and amendments thereto, is not an entry of appearance."

Appearance has been filed. K.S.A. 60-203(c) does not apply and in any event, no waiver of proper service has occurred.

Finally, while Plaintiff generally argues that requiring proper service on Mr. Day is somehow unfair because he believes it may delay his Motion for Temporary Restraining Order, that Motion is a separate matter and has already been responded to by the other defendants in this case.[47] Further, given that the response of the other defendants to the Complaint is not yet due, requiring Plaintiff to obtain proper service on Mr. Day as required by law imposes insignificant, if any, delay.

## Conclusion

As argued in the Motion to Quash and conceded in Plaintiff's Response, mailing a summons to Mr. Day's office in the State Capitol "is not a method authorized by the Federal Rules or Kansas law for service on government officials in their official capacity,"[48] meaning service was improper and personal jurisdiction is lacking over Mr. Day. Accordingly, Mr. Day requests that the Court enter an order quashing the attempted service on him.

Respectfully submitted,

OFFICE OF ATTORNEY GENERAL
DEREK SCHMIDT

/s M.J. Willoughby
M.J. Willoughby, KS 14059
Assistant Attorney General
120 SW 10th Avenue, 2nd Floor
Topeka, Kansas 66612-1597
Phone: (785) 296-2215; Fax: (785) 291-3767
Email: MJ.Willoughby@ag.ks.gov
*Attorney for Tom Day, sued in his official capacity as Director, LAS Under Limited Appearance*

---

[47] Doc. 14.
[48] *See Fuller v. Kan. Dep't of Children & Families*, No. 16-2415-DDC-JPO, 2018 WL 1412063, at *2 (D. Kan. Mar. 21, 2018).

**CERTIFICATE OF SERVICE**

I certify that on February 11, 2021, the foregoing was electronically filed with the clerk of the court using the CM/ECF system, which will send a notice of electronic filing to all participants, and a copy served by first-class mail postage prepaid addressed to: Chris Haulmark, 600 S. Harrison St., Apt. # 11, Olathe, KS 66061, Plaintiff pro se.

/s M.J. Willoughby
M.J. Willoughby, Assistant A.G.