## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF KANSAS

MARJORIE A. CREAMER,              )
                                  )
            Plaintiff,            )
                                  )        **CIVIL ACTION**
v.                                )
                                  )        **No. 15-4871-KHV-TJJ**
S. GILDEMEISTER, et al.,          )
                                  )
            Defendants.           )
_____)

### MEMORANDUM AND ORDER

On April 28, 2015, Marjorie Creamer filed this suit *pro se* against Kansas State District Court Judge Glenn Braun and Officer Stefan Gildemeister of the Police Department in Hays, Kansas. Liberally construed, under 42 U.S.C. § 1983 the complaint alleges that defendants violated her Fourteenth Amendment rights to due process. On November 6, 2015, the Court dismissed plaintiff's claims against Judge Braun. See Memorandum And Order (Doc. #35).[1]

This matter comes before the Court on plaintiff's [Motion For] Summary Judgment (Doc. #40) filed December 11, 2015 and Defendant Gildemeister's Motion To Strike [Plaintiff's Motion For Summary Judgment] (Doc. #42) filed December 22, 2015. For reasons set forth below, the Court finds that both motions should be overruled.

Under Rule 12(f), Fed. R. Civ. P., Gildemeister asks the Court to strike plaintiff's motion for summary judgment. Rule 12(f) provides as follows:

> (f) Motion to Strike. The court may strike from a pleading an insufficient defense or any redundant, immaterial, impertinent, or scandalous matter. The court may act:

---

[1] The exact nature of plaintiff's claim is difficult to discern but she appears to contend that during a routine traffic stop in Hays on March 11, 2015, police dragged her, chained her, hooded her and sent her to Larned State Hospital.

**Exhibit A**

(1) on its own; or

(2) on motion made by a party either before responding to the pleading or, if a response is not allowed, within 21 days after being served with the pleading.

Fed. R. Civ. P. 12(f).  A court will usually deny a motion to strike unless the allegations have no possible relation to the controversy and may cause prejudice to one of the parties.  Nwakpuda v. Falley's, Inc., 14 F. Supp.2d 1213, 1215 (D. Kan. 1998); see Meyer v. Unum Life Ins. Co., No. 12-1134-KHV, 2013 WL 1411776, at *2 (D. Kan. April 8, 2013).

Rule 12(f) authorizes the Court to strike material from *pleadings*. A motion for summary judgment is not a pleading.  See Fed. R. Civ. P. 7(a) (pleadings include complaint, answer, answer to counterclaim, answer to crossclaim, third-party complaint, answer to third-party complaint and reply to answer if ordered by court); Trujillo v. Bd. of Educ. of Albuquerque Pub. Schs., 230 F.R.D. 657, 660 (D.N.M. 2005) (complaint, answer and reply constitute pleadings; motions and other papers not pleadings).  The Federal Rules of Civil Procedure do not provide for motions to strike motions or memoranda.  See In re Cessna 208 Series Aircraft Prods. Liablility Litig., No. 05-md-1721-KHV, 2007 WL 2253479, at *1 (D. Kan. July 27, 2007); Searcy v. Soc. Sec. Admin., No. 91-4181, 1992 WL 43490, at *2 (10th Cir. Mar. 2, 1992); Trujillo, 230 F.R.D. at 660.  The Court therefore declines to strike plaintiff's motion for summary judgment.  The Court finds that plaintiff's motion must be overruled, however, for total failure to comply with D. Kan. Rule 56.1, which governs the summary judgment process.

Rule 56.1 provides in relevant part as follows:

The memorandum or brief in support of a motion for summary judgment must begin with a section that contains a concise statement of material facts as to which the movant contends no genuine issue exists.  The facts must be numbered and must refer with

-2-

particularity to those portions of the record upon which movant relies.

D. Kan. R. 56.1(a).  Here, plaintiff has not filed a memorandum in support of her motion for summary judgment.  Further, her two-page motion does not set forth any factual statements or specific references to the record to identify evidence to which defendant can respond.  See [Plaintiff's Motion] For Summary Judgment (Doc. #40) at 1-2.  The Court recognizes that it must liberally construe the filings of a *pro se* litigant.  See Woods v. Roberts, No. 94-3159, 1995 WL 65457, at *2 (10th Cir. Feb.17, 1995).  Here, however,  plaintiff's failure to follow the local rules which govern the summary judgment process make it impossible for defendant to respond to her motion.  The Court therefore finds that plaintiff's motion for summary judgment should be overruled.

**IT IS THEREFORE ORDERED** that plaintiff's [Motion For] Summary Judgment (Doc. #40) filed December 11, 2015 and Defendant Gildemeister's Motion To Strike [Plaintiff's Motion For Summary Judgment] (Doc. #42) filed December 22, 2015 be and hereby are **OVERRULED**.

Dated this 20th day of January, 2016, at Kansas City, Kansas.

s/ Kathryn H. Vratil
KATHRYN H. VRATIL
United States District Judge