IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS

| | |
|---|---|
| **CHRIS HAULMARK,** | ) |
| | ) |
| Plaintiff, | ) |
| v. | ) No. 20-cv-4084-EFM-TJJ |
| | ) |
| **STATE OF KANSAS, et al.,** | ) |
| | ) |
| Defendants. | ) |

**MOTION TO STAY DISCOVERY AND RELATED RULE 26 ACTIVITIES
WITH MEMORANDUM IN SUPPORT INCORPORATED**

Defendants State of Kansas, Legislative Administrative Services, and Tom Day sued in his official capacity as Director of the Office of Legislative Administrative Services, respectfully request an Order staying discovery and other Rule 26 activities, including but not limited to the issuance of the Initial Order for Planning and Scheduling, initial disclosures, parties' report of planning conference, scheduling conference, and service of discovery, etc., until their respective Motions to Dismiss (Docs. 18 and 24) are ruled upon by the Court.

*Nature of the Matter Before the Court and Brief Statement of Facts*

The Kansas Legislature is committed to accessibility for persons with disabilities, including the deaf and hard of hearing community. To that end, the Legislature has a policy on accommodation as per the Americans with Disabilities

Act ("ADA"), providing qualified interpreters upon prior request, and is currently engaged in a nearly $3 million project to further improve accessibility of legislative activities streamed on the Internet. Plaintiff's Complaint admits all of that, but alleges that the ADA entitles him to an interpreter without prior request and to "errorless" or "100% accurate" captioning of legislative proceedings displayed on the Internet. The State and LAS have filed a motion to dismiss or in the alternative, for summary judgment, raising jurisdictional and other issues (Doc. 18-19). Tom Day, sued in his official capacity, as filed a motion to dismiss for lack of jurisdiction and failure to state a claim, and has raised the defense of Eleventh Amendment immunity. (Doc. 24-25).

## *Question Presented*

Should discovery and related Rule 26 activities be stayed pending the resolution of the Defendants' Motions to Dismiss?

## *Arguments and Authorities*

### A.     STANDARD:  The Court has the ability to tailor Rule 26 activities to the needs of the particular case.

This Court has great flexibility in determining the time, manner and scope of discovery. Such flexibility allows the Court to create a discovery plan which best serves the interests of justice in a particular case. The ability of the Court to impose appropriate limits on discovery is recognized in Fed. R. Civ. P. 26. The Court has the authority to tailor the discovery schedule to specifically fit the needs of a particular case.[1] Concerns about the burdens and cost of the discovery process  and the need to

---

[1] *See* Fed. R. Civ. P. 16(a)(3) (recognizing the purpose of discouraging wasteful pretrial activities); Fed. R. Civ. P.

2

tailor and manage discovery were the subject of the 2015 amendments to Fed. R. Civ. P. 26(b)(1).[2] This is all under the general purview and mandate of Fed. R. Civ. P. 1, that the rules be "construed, administered, and employed by the court and the parties to secure the just, speedy, and inexpensive determination of every action and proceeding."

As a general rule, this District deems a stay of discovery appropriate when a decision on a pending motion is likely to bring the case to its conclusion, at least as to a particular party. A stay of discovery pending a motion to dismiss is warranted where the facts sought through uncompleted discovery would not affect the resolution of the motion and where discovery on all issues of the broad complaint would be wasteful and burdensome. These factors underlying a motion to stay were stated in *Wolf v. United States*,[3] a decision still followed by this Court.[4]

In addition, the United States Supreme Court has issued strong statements against allowing discovery when a government defendant has raised an immunity defense stating that in such circumstances, a plaintiff "is not entitled to discovery, cabined or otherwise."[5]  As the Court noted in ruling that the denial of a motion to dismiss based upon Eleventh Amendment immunity was immediately appealable under the collateral order doctrine, "the value to the States of their Eleventh

---

16(b)(3) (recognizing the Court's authority in a scheduling order to modify the timing of initial disclosures, to modify discovery, to set dates for pretrial conferences and to include "other appropriate matters").
[2] Committee Notes on Rules – 2015 Amendments to Fed. R. Civ. P. 26(b)(1)
[3] 157 F.R.D. 494, 495 (D. Kan. 1994) (citing *Kutilek v. Gannon*, 132 F.R.D. 296, 297-98 (D. Kan.1990)).
[4] *See, e.g., Schwab v. Kobach,* No. 18-CV-02488-DDC, GEB, 2019 WL 6771779, * 1 (U.S. Magis. Birzer, Dec. 12, 2019).
[5] *Ashcroft v. Iqbal*, 556 U.S. 662, 686 (2009).

3

Amendment immunity, like the benefit conferred by qualified immunity to individual officials, is for the most part lost as litigation proceeds past motion practice."[6]

## B. ANALYSIS

### 1. A Stay of Proceedings Is Warranted Under *Wolf v. United States*

In *Wolf v. United States*, this Court described three circumstances which warrant a stay of discovery pending a dispositive motion:

> [I]t is appropriate for a court to stay discovery until a pending dispositive motion is decided, especially where the case is likely to be finally concluded as a result of the ruling thereon; where the facts sought through uncompleted discovery would not affect the resolution of the motion; or where discovery on all issues of the broad complaint would be wasteful and burdensome.[7]

Under the *Wolf* factors, a stay of discovery is appropriate because a ruling on Tom Day's Motion to Dismiss will conclude Plaintiff's lawsuit as to him. A ruling on the State's and LAS' Motion to Dismiss or in the Alternative, for Summary Judgment will conclude the matter entirely if the District Court agrees with the Motion regarding the subject matter jurisdiction and/or failure to state a claim arguments. Discovery will not provide any information that could affect the outcome of the ruling on the issues raised in the Motions to Dismiss, which are questions of law, not fact. Until the dispositive legal and jurisdictional issues raised in the Motions to Dismiss are resolved, either by the District Court or upon appeal to the Tenth Circuit as a denial of the motion is immediately appealable under the collateral order doctrine,[8] given that Eleventh Amendment immunity is "in the nature of a jurisdictional bar,"[9]

---

[6] *Puerto Rico Acqueduct and Sewer Auth. v. Metcalf & Eddy, Inc.*, 506 U.S. 139, 145 (1993)
[7] 157 F.R.D. at 494-95.
[8] *Puerto Rico Aqueduct and Sewer Auth.*, 506 U.S. at 147.
[9] *Edelman v. Jordan*, 415 U.S. 651, 678 (1974); *AMISUB (PSL), Inc. v. Colorado Dept. of Soc. Servs.*, 879 F.2d 789, 792 (10th Cir. 1989)("In essence, the fundamental principle of sovereign immunity embodied in the Eleventh

4

discovery and other Rule 26 activities would be wasteful, burdensome and non-productive, both to the Court and to the parties.[10]

### 2. A Stay is Mandatory Given Tom Day's Immunity Argument

In *Ashcroft v. Iqbal*,[11] the U.S. Supreme Court made a strong statement that generalized and conclusory allegations of wrongdoing against public officials did not entitle a Plaintiff to discovery. *Iqbal* and other United States Supreme Court's decisions have long established the proposition that an immunity defense is a defense not only from liability but from the burdens of suit, including discovery; the benefits of immunity are lost if the immune defendant is forced to undergo the burdens of the litigation process. Therefore, the defendant raising an immunity defense is legally entitled to resolution of the issue as a threshold matter.[12] Tom Day has raised Eleventh Amendment immunity as a defense in the Motion to Dismiss and is entitled to the benefits of immunity, including immunity from discovery and the related burdens of suit until the immunity defense is resolved. The immunity defense, if

---

Amendment limits the grant of federal jurisdiction in Article III.") (citing *Welch v. Texas Dept. of Highways and Pub. Transp.*, 483 U.S. 468, 472 (1987) (citing *Pennhurst State School & Hosp. v. Halderman*, 465 U.S. 89, 98 (1984)).

[10] *Wolf,* 157 F.R.D. at 495 (citing *Kutilek v. Gannon*, 132 F.R.D. 296, 297-98 (D. Kan. 1990) and Fed. R. Civ. P. 1; 16 (recognizing the Court's right to control discovery-related activities)).

[11] 556 U.S. 662, 685-86 (2009).

[12] *See, e.g., Ashcroft v. Iqbal,* 556 U.S. 662, 685-86 (2009); *Puerto Rico Aqueduct and Sewer Auth. v. Metcalf & Eddy, Inc.*, 506 U.S. 139, 145 (1993); *Siegert v. Gilley*, 500 U.S. 226, 236 (1991) (Kennedy J., concurring in the judgment)*; Harlow v. Fitzgerald,* 457 U.S. 800, 817-18 (1982) and *Mitchell v. Forsyth*, 472 U.S. 511, 526 (1985); *Workman v. Jordan*, 958 F.2d 332, 335-36 (10th Cir. 1992) (when a defendant asserts qualified immunity, the court should grant the defendant's request for a stay of discovery until the immunity issue is resolved: "Discovery should not be allowed until the court resolves the threshold question whether the law was clearly established at the time the allegedly unlawful action occurred."); *see generally, Liverman v. Committee on the Judiciary,* No. 02-4049, 51 Fed. Appx. 825, 2002 WL 31379892 (10th Cir. Oct. 23, 2002) (affirming stay of discovery where the defendant raised sovereign immunity as a defense).

denied, is subject to immediate appeal to the Tenth Circuit under the collateral order doctrine, another reason for granting the requested stay.[13]

### 3. Stays of Discovery Have Been Granted in Similar Circumstances

Stays of discovery have been frequently granted in this District where threshold issues of jurisdiction or immunity are at stake.[14] The Court granted a motion to stay discovery where the State of Kansas filed a motion to dismiss raising Eleventh Amendment immunity stating:

> The general policy in this district is not to stay discovery even though dispositive motions are pending. However, a court may appropriately stay discovery until a pending motion is decided "where the case is likely to be finally concluded as a result of the ruling thereon; where the facts sought through uncompleted discovery would not affect the resolution of the motion; or where discovery on all issues of the broad complaint would be wasteful and burdensome."
>
> Another basis for staying discovery is based upon a defendant's assertion of an immunity defense in a dispositive motion. Generally, a defendant is entitled to have questions of immunity resolved before being required to engage in discovery and other pretrial proceedings. "One of the purposes of immunity ... is to spare a defendant not only unwarranted liability, but unwarranted demands customarily imposed upon those defending a long drawn out lawsuit." The Supreme Court has made it clear that until the threshold question of immunity is resolved, discovery should not be allowed.[15]

---

[13] *Puerto Rico Acqueduct and Sewer Auth.*, 506 U.S. at 145; *see, e.g.*, Mitchell v. Forsyth, 472 U.S. at 526-27.

[14] *See, e.g., Coffman v. Hutchinson Community College,* No. 17-4070-SAC-GEB, 2018 WL 994707 (U.S. Magis. J. Birzer Feb. 21, 2018); *Monroe v. City of Lawrence, Kansas,* No. 13-2086-EFM-DJW, 2013 WL 6154592 (D. Kan. Nov. 21, 2013) (U.S. Magis. J. Waxse); *Jones v. Kansas,* No. 12-2486-KHV-DJW, 2012 WL 5362905 (D. Kan. Oc. 31, 2012) (U.S. Magis. J. Waxse); *Hwang v. Kansas State Univ.*, No. 11-4185-EFM, 2012 WL 3292835, *2 (D. Kan. Aug. 13, 2012) (U.S. Magis. J. Humphreys); *Woods v. Wyandotte County District Attorney*, No. 10-2362-JTM-DJW, 2010 WL 4361912 (D. Kan. Oct. 28, 2010) (U.S. Magis. J. Waxse); *Wedel v. Craig,* 10-1134-EFM, 2010 WL 2545974, *2 (D. Kan., June 22, 2010)(U.S. Magis. J. O'Hara); *Heistand v. Coleman,* 08-3292-CM-DJW, 2009 WL 1226737, *1 (D. Kan., April 30, 2009) (U.S. Magis. J. Waxse); *Long v. Morris,* No. 06-3089-KHV-DJW, 2007 WL 677685 (D. Kan. March 2, 2007) (U.S. Magis. J. Waxse) (finding it appropriate to stay not only discovery, but all pretrial proceedings given the defense of qualified immunity); *Rubio v. Turner Unified School Dist. 202,* No. 05-2522-CM-DJW, 2006 WL 681124 (D. Kan. Mar. 14, 2006) (U.S. Magis. J. Waxse) (finding a stay "legally appropriate and economical" given defendants' defense of qualified immunity); *Howse v. Atkinson*, No. 04-2341-GTV, 2005 WL 994572 (D. Kan., Apr. 27, 2005) (U.S. Magis. J. Waxse).

[15] *Pfuetze v. State of Kansas*, 10-1139-CM-GLR, 2010 WL 3718836, *1 (U.S. Magis. D. Kan., Sept. 14, 2010) (citations omitted); *accord Stewart v. City of Prairie Village, Kan.*, No. 12-CV-02185-JAR-DJW, 2012 WL 5266113, * 1 (D. Kan., Oct. 24, 2012) (U.S. Magis. J. Waxse).

While a stay of discovery represents the exception and not the rule in this District, this is one of those cases where discovery must be stayed based upon Tom Day's immunity defense and should be stayed based upon the factors stated in *Wolf,* and the policy of Fed. R. Civ. P. 1.

Similarly, in *Coffman v. Hutchinson Community College,* the Court granted a motion for stay pending the ruling on Defendants' Motions to Dismiss for several reasons, including finding that an immunity defense was asserted.[16] The Court also found a stay was appropriate because discovery was not necessary to resolve the pending motions to dismiss and because a ruling on the motions to dismiss would either eliminate the case entirely or would narrow the claims.[17] The Court found that proceeding with discovery would be wasteful and burdensome.[18] These factors apply to favor a stay here as well.

## CONCLUSION

Tom Day, sued in his official capacity as Director of Legislative Administrative Services, and the State of Kansas and Legislative Administrative Services respectfully request that the Court grant their Motion for an Order staying discovery and related proceedings under Fed. R. Civ. P. 26 pending a ruling on their respective Motions to Dismiss (Doc. 18, 24), and the expiration of the time for appeal should Day's Motion (Doc. 24), which raises the issue of immunity, be denied.

---

[16] 2018 WL 994707, * 3.
[17] *Id.*
[18] *Id.*

Respectfully submitted,

OFFICE OF ATTORNEY GENERAL
DEREK SCHMIDT

*/s M.J. Willoughby*
M.J. Willoughby KS 14059
Assistant Attorney General
120 SW 10th Avenue, 2nd Floor
Topeka, Kansas 66612-1597
TEL:  (785) 296-2215; FAX: (785) 296-6296
MJ.Willoughby@ag.ks.gov
*Attorney for Defendants*

## CERTIFICATE OF SERVICE

The undersigned hereby certifies that on the 10th day of March, 2021, a true and correct copy of the above and foregoing Motion to Stay with Memorandum in Support Incorporated was placed in the U.S. mail, postage prepaid, to:  Chris Haulmark, 600 S. Harrison St., Apt. # 11, Olathe, KS 66061, Plaintiff pro se.

*s/ M.J. Willoughby*
M.J. Willoughby
Assistant Attorney General