# IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF KANSAS

Chris Haulmark,

                Plaintiff,

v.

State of Kansas, *et al.,*

                Defendants.

Case No. 5:20-cv-04084-EFM-TJJ

## OPPOSITION TO MOTION TO ALTER AND AMEND
## JUDGMENT (ECF Doc. 40)

On September 9, 2021, the Court granted the defendants' motions and dismissed the plaintiffs' claims. *See* ECF Doc. 38. This pleading responds to Mr. Haulmark's motion, filed September 17, 2021, that the Court reverse its judgments. The motion seeks relief under Fed. R. Civ. P. 59(e).

> Relief under Rule 59(e) is allowed in three situations: when the moving party shows "(1) an intervening change in the controlling law, (2) new evidence previously unavailable, [or] (3) the need to correct clear error or prevent manifest injustice." *Servants of Paraclete v. Does*, 204 F.3d 1005, 1012 (10th Cir. 2000). "Thus, a motion for reconsideration is appropriate where the court has misapprehended the facts, a party's position, or the controlling law." *Id.*

*Sweet v. Corp. of Presiding Bishop of Church of Jesus Christ of Latter-Day Saints*, 831 F. App'x 874, 880 (10th Cir. 2020) (unpublished). None of these conditions are presented. Accordingly, the motion to alter and amend should be denied.

1

Mr. Haulmark does not argue an intervening change in the controlling law. Nor does he present new evidence. He points out that no current evidence is before the Court concerning the progress of the real time closed captioning service, which Defendant Day had estimated would be live and available to the public by April 26, 2021. *See* ECF Doc. 40, at 3, 6, 9-11 & 16. This is not new. The Court made the same observation in its order dismissing his claims. *See* ECF Doc. 38, at 5, n. 2.

Mr. Haulmark essentially argues that the Court must reverse its decision. He has not shown error, much less clear error. He has not shown need to change the Court's position to prevent manifest injustice.

Plaintiff does not show, or even seem to maintain, that the court has misapprehended the facts, a party's position, or the controlling law. Rather, his motion is a rehashing of arguments previously addressed, which is beyond the scope of a Rule 59(e). *See Brown v. Presbyterian Healthcare Serv.*, 101 F.3d 1324, 1332 (10th Cir.1996), *cert. denied*, 520 U.S. 1181 (1997). Simply stated, "[a] motion to reconsider is not a second chance for the losing party to make its strongest case or to dress up arguments that previously failed." *Voelkel v. Gen. Motors Corp.*, 846 F. Supp. 1482, 1483 (D. Kan.), *aff'd*, 43 F.3d 1484 (10th Cir. 1994). Yet, what Mr. Haulmark's motion seeks is the impermissible second chance.

2

"The Tenth Circuit has not precisely defined 'manifest injustice' within the meaning of Rule 59(e), but courts in this district describe it as "direct, obvious, and observable error." *Est. of McDermed by & through McDermed v. Ford Motor Co.*, No. 14-2430-CM, 2017 WL 1492931, at *3 (D. Kan. Apr. 26, 2017), *aff'd*, 725 F. App'x 605 (10th Cir. 2018) (*citing Hadley v. Hays Med. Ctr.*, No. CV 14-1055-KHV, 2017 WL 748129, at *2 (D. Kan. Feb. 27, 2017) (*quoting Tri-State Truck Ins. v. First Nat'l Bank of Wamego*, No. 09-4158-SAC, 2011 WL 4691933, at *3 (D. Kan. Oct. 6, 2011). The Court's prior ruling is not erroneous, and certainly not "direct, obvious, or observable error."

Thus, for the reasons stated, the motion to alter and amend should be denied.

Respectfully submitted,

OFFICE OF ATTORNEY GENERAL
DEREK SCHMIDT
s/ Arthur S. Chalmers
Arthur S. Chalmers, KS S. Ct. #11088
Assistant Attorney General
120 SW 10th Ave., 2nd Floor
Topeka, Kansas 66612
Ph: (785) 368-8426
Fax: (785) 291-3707
Email:  art.chalmers@ag.ks.gov
Attorneys for Defendants

3

CERTIFICATE OF SERVICE

I hereby certify that on this 23rd day of September 2021, I electronically filed the above and foregoing with the Clerk of the Court using the CM/ECF system, which sent electronic notification of such filing to all those individuals currently electronically registered with the Court and further that a copy was mailed, via U.S. Mail, postage prepaid, also on the 23rd day of September  2021 upon:

Chris Haulmark
600 S. Harrison St.
Apt. #11
Olathe, KS 66061

*Plaintiff*

s/ Arthur S. Chalmers