CLOSED,APPEAL,STAYDISC

# U.S. District Court
# DISTRICT OF KANSAS (Topeka)
# CIVIL DOCKET FOR CASE #: <u>5:20–cv–04084–EFM–TJJ</u>

| | |
|---|---|
| Haulmark v. State of Kansas et al | Date Filed: 12/16/2020 |
| Assigned to: District Judge Eric F. Melgren | Date Terminated: 09/09/2021 |
| Referred to: Magistrate Judge Teresa J. James | Jury Demand: Plaintiff |
| Cause: 42:12131 Civil Disabilities Act | Nature of Suit: 440 Civil Rights: Other |
| | Jurisdiction: Federal Question |

**<u>Plaintiff</u>**

**Chris Haulmark**              represented by    **Chris Haulmark**
600 S. Harrison St.
Apt #11
Olathe, KS 66061
512–366–3981
Email:
PRO SE
*Bar Number:*
*Bar Status:*

V.

**<u>Defendant</u>**

**State of Kansas**             represented by    **Arthur S. Chalmers**
Office of Attorney General – Kansas
120 SW 10th Avenue
Topeka, KS 66612–1597
785–368–6244
Alternative Phone:
Cell Phone: 316–644–8541
Email: art.chalmers@ag.ks.gov
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*
*Bar Number: 11088*
*Bar Status: Active*

**M. J. Willoughby**
Office of Attorney General – Kansas
120 SW 10th Avenue
Topeka, KS 66612–1597
785–296–4085
Fax: 785–291–3767
Alternative Phone:
Cell Phone:
Email: MJ.Willoughby@ag.ks.gov
*TERMINATED: 08/25/2021*
*Bar Number: 14059*

*Bar Status: Active*

**Defendant**

| | | |
|---|---|---|
| **Legislative Administrative Services** | represented by | **Arthur S. Chalmers** |

(See above for address)
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*
*Bar Number: 11088*
*Bar Status: Active*

**M. J. Willoughby**
(See above for address)
*TERMINATED: 08/25/2021*
*Bar Number: 14059*
*Bar Status: Active*

**Defendant**

| | | |
|---|---|---|
| **Tom Day**<br>*in his official capacity as Director of*<br>*Legislative Administrative Services,* | represented by | **Arthur S. Chalmers** |

(See above for address)
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*
*Bar Number: 11088*
*Bar Status: Active*

**M. J. Willoughby**
(See above for address)
*TERMINATED: 08/25/2021*
*Bar Number: 14059*
*Bar Status: Active*

**Movant**

| | | |
|---|---|---|
| **Tom Day** | represented by | **M. J. Willoughby** |

(See above for address)
*Bar Number: 14059*
*Bar Status: Active*

Email All Attorneys
Email All Attorneys and Additional Recipients

| Date Filed | # | Page | Docket Text |
|---|---|---|---|
| 12/16/2020 | 1 | | COMPLAINT (Summons Issued) with trial location of Topeka filed by Chris Haulmark. (Attachments: # 1 Exhibit List) (jsh) (Entered: 12/16/2020) |
| 12/16/2020 | 2 | | CIVIL COVER SHEET re 1 Complaint by Plaintiff Chris Haulmark. (jsh) (Entered: 12/16/2020) |
| 12/16/2020 | | | FILING FEE PAID: in the amount of $ 402, receipt number T4631014349. (jsh) (Entered: 12/16/2020) |
| 12/16/2020 | | | SUMMONS ISSUED as to Tom Day, Legislative Administrative Services, State of Kansas. (issued to Returned to plaintiff for service) (This is a TEXT |

| | | |
|---|---|---|
| | | ENTRY ONLY. There is no.pdf document associated with this entry) (jsh) (Entered: 12/16/2020) |
| 01/08/2021 | 3 | CLERKS ORDER EXTENDING TIME until 1/22/2021 for Defendants Legislative Administrative Services, State of Kansas to answer or otherwise plead. Signed by deputy clerk on 1/8/2021. Mailed to pro se party Chris Haulmark by regular mail. (jsh) (Entered: 01/08/2021) |
| 01/08/2021 | 4 | CLERKS ORDER EXTENDING TIME until 1/25/2021 for Defendant Tom Day to answer or otherwise plead. Signed by deputy clerk on 1/8/2021. Mailed to pro se party Chris Haulmark by regular mail. (jsh) (Entered: 01/08/2021) |
| 01/21/2021 | 5 | MOTION for Temporary Restraining Order and MOTION for Preliminary Injunction (Response deadline 2/4/2021) by Plaintiff Chris Haulmark (Attachments: # 1 Exhibits). (mls) (Entered: 01/21/2021) |
| 01/22/2021 | 6 | MOTION for Extension of Time to File Response as to 1 Complaint by Defendants Legislative Administrative Services, State of Kansas (referred to Magistrate Judge Teresa J. James) (Willoughby, M.) (Entered: 01/22/2021) |
| 01/25/2021 | 7 | RESPONSE in Opposition by Plaintiff Chris Haulmark re 6 Motion for Extension of Time. (mls) (Entered: 01/25/2021) |
| 01/25/2021 | 8 | MOTION to Quash by Movant Tom Day (referred to Magistrate Judge Teresa J. James) (Attachments: # 1 Exhibit A)(Willoughby, M.) (Entered: 01/25/2021) |
| 01/26/2021 | 9 | REPLY TO RESPONSE TO MOTION by Defendants Legislative Administrative Services, State of Kansas re: 6 Motion for Extension of Time to File Response/Reply (Willoughby, M.) (Entered: 01/26/2021) |
| 01/27/2021 | 10 | SUMMONS RETURNED EXECUTED –– Certified Mail by Chris Haulmark upon Derek Schmidt, Kansas Attorney General, on behalf of State of Kansas, Legislative Administrative Services, and Tom Day. Served on 12/18/2020. Answer due 1/8/2021. (Attachments: # 1 Certified Mail Receipt) (jsh) (Entered: 01/27/2021) |
| 01/27/2021 | 11 | SUMMONS RETURNED EXECUTED –– Certified Mail by Chris Haulmark upon Tom Day. Served on 12/19/2020. Answer due 1/11/2021. (Attachments: # 1 Certified Mail Receipt) (jsh) (Entered: 01/27/2021) |
| 01/28/2021 | 12 | MOTION to Strike Movant Tom Day's 8 MOTION to Quash by Plaintiff Chris Haulmark (referred to Magistrate Judge Teresa J. James) (jsh) (Entered: 01/28/2021) |
| 01/29/2021 | 13 | ORDER granting 6 Motion for Extension of Time, filed by Defendants State of Kansas and Kansas Administrative Services. The Court has thoroughly reviewed the briefing on this motion, including Plaintiff's opposition, and determines that Defendants have shown good cause for a 30–day extension of time to file an Answer or otherwise respond to Plaintiff's Complaint. There is no indication that Defendants seek an extension in bad faith. Indeed, Defendants cite a number of extraordinary circumstances that provide ample justification for the extension requested. On the other hand, the potential prejudice to Plaintiff, if any, from the requested extension would be minimal; another Defendant also has not yet answered the Complaint (and has filed a Motion to Quash, ECF No. 8). And Plaintiff has already filed a Motion for a Temporary Restraining Order and Preliminary Injunction (ECF No. 5), which is |

| | | | |
|---|---|---|---|
| | | | not yet fully briefed and will be decided by the District Judge. The deadline for Defendants State of Kansas and Kansas Administrative Services to file an Answer or otherwise respond to the Complaint is extended to February 22, 2021. Signed by Magistrate Judge Teresa J. James on 1/29/21. Mailed to pro se party Chris Haulmark by regular mail (This is a TEXT ENTRY ONLY. There is no.pdf document associated with this entry.) (ct) (Entered: 01/29/2021) |
| 02/04/2021 | 14 | | RESPONSE by Defendants Legislative Administrative Services, State of Kansas re 5 Motion for TRO, Motion for Preliminary Injunction (Attachments: # 1 Exhibit List Index, # 2 Exhibit 1, # 3 Exhibit 2)(Willoughby, M.) (Entered: 02/04/2021) |
| 02/11/2021 | 15 | | RESPONSE by Movant Tom Day re 12 Motion to Strike, 8 Motion to Quash ( Reply deadline 2/25/2021), REPLY TO RESPONSE TO MOTION by Movant Tom Day re: 12 Motion to Strike, 8 Motion to Quash (Attachments: # 1 Exhibit A, # 2 Exhibit B)(Willoughby, M.) (Entered: 02/11/2021) |
| 02/12/2021 | 16 | | Unopposed MOTION for Extension of Time to File Reply as to 5 MOTION for Temporary Restraining Order MOTION for Preliminary Injunction by Plaintiff Chris Haulmark. (jsh) (Entered: 02/12/2021) |
| 02/12/2021 | | | **MOTION REFERRAL to Magistrate Judge REMOVED as to: 16 MOTION for Extension of Time to File Reply as to 5 MOTION for Temporary Restraining Order MOTION for Preliminary Injunction. The motion will be resolved by the District Judge. (ct)** (Entered: 02/12/2021) |
| 02/16/2021 | 17 | | ORDER granting 16 Motion for Extension of Time to File Reply to Motion for TRO and Pelim. Injunction. Signed by District Judge Eric F. Melgren on 2/16/2021.Mailed to pro se party Chris Haulmark by regular mail. (This is a TEXT ENTRY ONLY. There is no.pdf document associated with this entry.) (cm) (Entered: 02/16/2021) |
| 02/22/2021 | 18 | | MOTION to Dismiss , MOTION for Summary Judgment ( Response deadline 3/15/2021) by Defendants Legislative Administrative Services, State of Kansas (Willoughby, M.) (Entered: 02/22/2021) |
| 02/22/2021 | 19 | | MEMORANDUM IN SUPPORT of 18 MOTION to Dismiss MOTION for Summary Judgment by Defendants Legislative Administrative Services, State of Kansas (Attachments: # 1 Exhibit List Index, # 2 Exhibit 1, # 3 Exhibit 2)(Willoughby, M.) (Entered: 02/22/2021) |
| 02/22/2021 | 20 | | NOTICE TO PRO SE LITIGANT WHO OPPOSES A MOTION FOR SUMMARY JUDGMENT by Legislative Administrative Services, State of Kansas re 18 MOTION to Dismiss MOTION for Summary Judgment (Willoughby, M.) (Entered: 02/22/2021) |
| 02/25/2021 | 21 | | SUMMONS RETURNED EXECUTED –– Certified Mail by Chris Haulmark upon Tom Day served on 2/16/2021, answer due 3/9/2021. (Attachments: # 1 Certified Mail Receipt) (mls) (Entered: 02/25/2021) |
| 02/25/2021 | 22 | | MOTION to Withdraw 12 MOTION to Strike 8 by Plaintiff Chris Haulmark (referred to Magistrate Judge Teresa J. James) (mls) (Entered: 02/26/2021) |
| 03/03/2021 | 23 | | ORDER granting 22 Plaintiff's request to withdraw his motion to strike (ECF No. 12). The Clerk of Court is directed to terminate ECF No. 12 as a pending motion, but not to strike the filing from the record, as it also functions as a |

| | | | |
|---|---|---|---|
| | | | response to Defendant Tom Day's motion to quash (ECF No. 8). Signed by Magistrate Judge Teresa J. James on 3/3/21. Mailed to pro se party Chris Haulmark by regular mail. (This is a TEXT ENTRY ONLY. There is no.pdf document associated with this entry.) (ct) (Entered: 03/03/2021) |
| 03/10/2021 | 24 | | MOTION to Dismiss by Defendant Tom Day (Willoughby, M.) Modified on 3/11/2021 to update filer (jal). (Entered: 03/10/2021) |
| 03/10/2021 | 25 | | MEMORANDUM IN SUPPORT of 24 MOTION to Dismiss by Defendant Tom Day (Attachments: # 1 Exhibit List, # 2 Exhibit 1, # 3 Exhibit 2, # 4 Exhibit 3)(Willoughby, M.) Modified on 3/11/2021 to update filer (jal). (Entered: 03/10/2021) |
| 03/10/2021 | 26 | | MOTION to Stay Discovery *and Related Rule 26 Activities with Memorandum in Support Incorporated* by Defendants Tom Day, Legislative Administrative Services, State of Kansas (referred to Magistrate Judge Teresa J. James) (Willoughby, M.) (Entered: 03/10/2021) |
| 03/11/2021 | 27 | | REPLY TO RESPONSE TO MOTION by Plaintiff Chris Haulmark re: 5 Motion for TRO and Motion for Preliminary Injunction. (mls) (Entered: 03/11/2021) |
| 03/15/2021 | 28 | | MOTION for Extension of Time to File response to 18 MOTION to Dismiss MOTION for Summary Judgment by Plaintiff Chris Haulmark (referred to Magistrate Judge Teresa J. James) (msb) (Entered: 03/15/2021) |
| 03/15/2021 | 29 | | ORDER granting 28 Motion for Extension of Time to File Response re 18 MOTION to Dismiss MOTION for Summary Judgment . Response deadline 3/19/2021. Signed by District Judge Eric F. Melgren on 3/15/2021.Mailed to pro se party Chris Haulmark by regular mail.(This is a TEXT ENTRY ONLY. There is no.pdf document associated with this entry.) (cm) (Entered: 03/15/2021) |
| 03/16/2021 | 30 | | ORDER denying as moot 8 Defendant Tom Day's Motion to Quash Attempted Service of Process. Since the filing of the motion, Plaintiff has filed a new Proof of Service, and Defendant Tom Day has filed 24 Motion to Dismiss and 26 Motion to Stay Discovery, declining to challenge Plaintiff's second effort at service. In light of these actions, the Court finds that Defendant Tom Day's Motion to Quash Plaintiff's first attempted service on him is moot. Signed by Magistrate Judge Teresa J. James on 3/16/21. Mailed to pro se party Chris Haulmark by regular mail. (This is a TEXT ENTRY ONLY. There is no.pdf document associated with this entry.) (ct) (Entered: 03/16/2021) |
| 03/19/2021 | 31 | | RESPONSE by Plaintiff Chris Haulmark: Re 18 Motion to Dismiss, Motion for Summary Judgment. (Attachments: # 1 Exhibit Index, # 2 Exhibit #1 Chris Haulmark's Affidavit, # 3 Exhibit #2 Chart)(msb) (Entered: 03/19/2021) |
| 03/31/2021 | 32 | | RESPONSE in Opposition by Plaintiff Chris Haulmark re 24 Motion to Dismiss. (mls) (Entered: 03/31/2021) |
| 04/02/2021 | 33 | | REPLY TO RESPONSE TO MOTION by Defendants Legislative Administrative Services, State of Kansas re: 18 Motion to Dismiss, Motion for Summary Judgment (Attachments: # 1 Exhibit, # 2 Exhibit)(Willoughby, M.) (Entered: 04/02/2021) |
| 04/08/2021 | 34 | | |

| | | | |
|---|---|---|---|
| | | | REPLY TO RESPONSE TO MOTION by Defendant Tom Day re: 24 Motion to Dismiss (Attachments: # 1 Exhibit A)(Willoughby, M.) (Entered: 04/08/2021) |
| 04/09/2021 | 35 | | NOTICE of Filing Amended Declaration by Tom Day re 33 Reply to Response to Motion and 34 Reply to Response to Motion (Attachments: # 1 Exhibit A)(Willoughby, M.) Modified text to add docket entry relationship on 4/9/2021. (smnd) (Entered: 04/09/2021) |
| 04/13/2021 | 36 | | ORDER GRANTING 26 Motion to Stay Discovery and Related Rule 26 Requirements. Plaintiff did not file an opposition to the motion. The Court has reviewed the procedural posture of this case and the pending motions to dismiss. In light of the content of and relief sought in those motions (including claims of mootness and Eleventh Amendment immunity), the Court finds good cause to refrain from setting a Scheduling Conference at this time. The Court also finds that justice would best be administered by staying discovery and related proceedings, including the parties' Rule 26(f) planning conference, Rule 26(a) disclosure exchanges, and the Scheduling Conference, until after the District Court rules on the pending motions to dismiss. The Court therefore stays all discovery and related Rule 26 requirements. If the case remains pending after the District Court's rulings, the Court will set a Scheduling or Status Conference to discuss case progression and scheduling of the case at that time. Signed by Magistrate Judge Teresa J. James on 4/13/21. Mailed to pro se party Chris Haulmark by regular mail. (This is a TEXT ENTRY ONLY. There is no.pdf document associated with this entry.) (ct) (Entered: 04/13/2021) |
| 08/25/2021 | 37 | | WITHDRAWAL OF COUNSEL by M.J. Willoughby and ENTRY OF APPEARANCE OF SUBSTITUTED COUNSEL by Arthur S. Chalmers on behalf of All Defendants (Chalmers, Arthur) (Entered: 08/25/2021) |
| 09/09/2021 | 38 | | MEMORANDUM AND ORDER denying as moot 5 Motion for TRO and Preliminary Injunction; granting 18 Motion to Dismiss or in the Alternative for Summary Judgment; granting 24 Motion to Dismiss. Signed by District Judge Eric F. Melgren on 9/9/2021. Mailed to pro se party Chris Haulmark 600 S. Harrison St. Apt #11 Olathe, KS 66061 by regular mail. (sz) (Entered: 09/09/2021) |
| 09/09/2021 | 39 | | JUDGMENT. Pursuant to the Memorandum and Order filed on September 9, 2021, Doc. 37 , Defendants State of Kansas and Legislative Administrative Services' Motion to Dismiss or in the Alternative for Summary Judgment, Doc. 18 , is GRANTED. IT IS FURTHER ORDERED that Defendant Tom Day's Motion to Dismiss, Doc. 24 , is GRANTED. IT IS FURTHER ORDERED that Haulmark's Motion for Temporary Restraining Order and Preliminary Injunction, Doc. 5 , is DENIED AS MOOT. This case is now closed. Signed by deputy clerk on 9/9/2021. Mailed to pro se party Chris Haulmark 600 S. Harrison St. Apt #11 Olathe, KS 66061 by regular mail. (sz) (Entered: 09/09/2021) |
| 09/17/2021 | 40 | | MOTION to Alter or Amend Judgment by Plaintiff Chris Haulmark. (mls) (Entered: 09/17/2021) |
| 09/23/2021 | 41 | | RESPONSE by Defendants Legislative Administrative Services, State of Kansas re 40 Motion to Alter Judgment (Chalmers, Arthur) (Entered: 09/23/2021) |

| 09/27/2021 | 42 | | NOTICE OF APPEAL as to 38 Memorandum and Order and 39 Judgment by Plaintiff Chris Haulmark. Filing fee $ 505 paid. (mls) (Entered: 09/27/2021) |
| --- | --- | --- | --- |

# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF KANSAS

| | | |
|---|---|---|
| **CHRIS HAULMARK**, | ) | |
| Plaintiff, | ) | |
| V. | ) | |
| **STATE OF KANSAS**, | ) | |
| **LEGISLATIVE ADMINISTRATIVE** | ) | |
| **SERVICES**, | ) | |
| and | ) | Civil Action No.  5:20-cv-04084-EFM-TJJ  |
| **TOM DAY**, in his official capacity as | ) | |
| Director of Legislative Administrative | ) | |
| Services, | ) | |
| Defendants. | ) | |
| _____ | ) | |

## NOTICE OF APPEAL

COMES NOW Plaintiff Chris Haulmark, appearing *pro se*, hereby respectfully submits this

Notice of Appeal, pursuant to Rule 3(a) and 4(a) of the Federal Rules of Appellate Procedure to

this Court, to appeal to the United States Court of Appeals for the Tenth Circuit from the final

judgment, Docket No. 39, and the memorandum opinion and order, Docket No. 38, both of

which were entered in this matter on September 9, 2021.

----------------------------------------------------------------

Respectfully submitted this 27th of
September.

/s/ChrisHaulmark
PLAINTIFF, *pro se*
chris@sigd.net
600 S. Harrison St
Apt #11
Olathe, KS 66061
512-366-3981

## CERTIFICATE OF SERVICE

I hereby certify that on this 27th of September, a true and correct copy of the above and foregoing document was sent via email as an attached file in format of PDF to the clerk of the U.S. District Court for the District of Kansas and a copy with postage prepaid was placed in mail of the U.S. Mail to the following:

             Arthur S. Chalmers
             Assistant Attorney General
             120 S.W. 10th, 2nd Floor
             Topeka, KS 66612

                                       /s/ChrisHaulmark
                                       PLAINTIFF, *pro se*

# IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF KANSAS

CHRIS HAULMARK,

*Plaintiff,*

vs.                                                Case No. 5:20-CV-04084-EFM-TJJ

STATE OF KANSAS, *et al.*,

*Defendants.*

## MEMORANDUM AND ORDER

Proceeding pro se, Plaintiff Chris Haulmark filed this suit alleging that the State of Kansas, Legislative Administrative Services ("LAS"), and Tom Day, in his official capacity as Director of LAS, violated Haulmark's rights under Title II of the Americans with Disabilities Act ("ADA"). Before the Court is Plaintiff Haulmark's Motion for Temporary Restraining Order and Preliminary Injunction (Doc. 5), Defendants State of Kansas and Legislative Administrative Services' Motion to Dismiss or in the Alternative for Summary Judgment (Doc. 18), and Defendant Tom Day's Motion to Dismiss (Doc. 24).

## I.      Factual and Procedural Background[1]

Plaintiff Haulmark is a resident of Johnson County, Kansas, and an active political community leader.  Haulmark is deaf and is substantially limited in his ability to hear and speak aurally.  Haulmark's preferred method of communication is through American Sign Language, but Haulmark also uses auxiliary aids such as watching videos with the assistance of captioning.

In January 2019, the Kansas State House of Representatives began a new legislative session.  Haulmark was unable to participate in the first day of proceedings as an observer due to a lack of auditory aids.  After first reaching out to elected members of the Kansas Legislature, Haulmark contacted LAS to request a sign language interpreter or other auditory aids so that he could participate in the legislative session that day.   An LAS staff member informed Haulmark that two business days' notice is required for auditory aids to be furnished and that there were no aids available that day.  Haulmark then attempted to watch the live video stream published by the Kansas Legislature on YouTube, but was unable to participate due to a lack of captioning.

On February 18, 2019, Haulmark sent a letter to House Speaker Ron Ryckman and carbon copied LAS Director Tom Day.  Haulmark requested that the online broadcasting services, provided by LAS, be made accessible.  Haulmark never received a response to the letter.  In June 2019, Haulmark filed a writ of mandamus with the Kansas Supreme Court, requesting that the court compel the State of Kansas, and various other defendants, to provide online broadcasting services.  The Kansas Supreme Court dismissed the case for failure to state a cause of action over which the court had original subject matter jurisdiction.

---

[1] With the exception of the jurisdictional facts asserted by Defendants regarding events occurring after the filing of Haulmark's suit, the facts are taken from Haulmark's Complaint and are viewed in the light most favorable to Haulmark.

On November 1, 2019, Haulmark submitted a Kansas Open Records Act ("KORA") request to Defendant Day, as well as Kansas House Speaker Ron Ryckman, Kansas Senate President Susan Wagle, a Kansas ADA Coordinator, and the Executive Director of Kansas Commission for the Deaf and Hard of Hearing. Haulmark requested that audio streams and videos on the Kansas Legislature's YouTube channel be made accessible. In his request, Haulmark listed hundreds of audio-only recordings from the 2019 Legislative Session posted online by the Kansas Legislature. On November 15, 2019, Defendant Day responded to Haulmark's KORA request and estimated the cost of the request to be $153,194. Due to the significant cost, Day offered to create transcripts for specific committee meetings of Haulmark's choosing. Day also offered to meet with Haulmark.

Haulmark met with Day, representatives from the Kansas Commission for the Deaf and Hard of Hearing, and other representatives from the Kansas government on December 5, 2019. At the meeting, Day explained that LAS had been working on providing accessibility to the legislative proceedings for at least two years prior to the date of the meeting. Day shared that he understood that publication of the audio streaming and audiovisual content without accommodations violated the Americans with Disabilities Act and Section 504 of the Rehabilitation Act. Day reported that the budget was a higher priority over the accessibility of the individuals with hearing disabilities. Day also stated that he would contact the Kansas Commission for the Deaf and Hard of Hearing to work with Kansas's current vendor(s) to provide accessibility with the then-current streaming and online broadcasting equipment. Day assured Haulmark that he would provide a report on the progress to Haulmark before the beginning of the 2020 legislative session. Haulmark and Day agreed that if the 2020 legislative session was fully accessible, Haulmark's request for transcripts from the 2019 legislative session would no longer be necessary.

-3-

The Kansas Legislature began its 2020 session on January 13, 2020. The committee proceedings held that day were streamed as audio-only with auto-generated captioning. Haulmark emailed Defendant Day the next day to share that the videos were still inaccessible to him due to the inaccuracy of the auto-generated captioning. He requested transcriptions of the videos published the prior day, as well as transcriptions of all future videos to be published on the YouTube channel. Day responded that he could not provide transcripts of all proceedings, but that he would provide transcripts of specific proceedings of interest to Haulmark, such as portions of proceedings regarding specific bills. It does not appear that Haulmark responded to this email from Day.

On March 2, 2020, Haulmark again emailed Day requesting transcripts of all content produced since the beginning of the 2020 legislative session. On April 8, Haulmark requested transcripts of the Legislative Coordinating Council "(LCC") meeting held that day. On April 10, Day notified Haulmark that he could not provide a transcript of the April 8 meeting as no such transcript existed. Haulmark responded three days later, reiterating that he believed transcripts must be produced by the LCC in order to comply with Title II of the ADA and Section 504 of the Rehabilitation Act. Haulmark did not receive a response from Day and it appears that Haulmark did not reach out to Day again before filing this action.

Haulmark alleges that Defendants' failure to provide accommodations—namely the failure to provide accurate captioning on proceedings posted online—has prevented him from exercising his right to participation in the political process and has led to social isolation due to missing out on legislative proceedings only accessible to individuals without hearing disabilities. Haulmark requests declaratory and injunctive relief, as well as monetary damages.

-4-

Since Haulmark filed suit in December 2020, the Kansas Legislature has switched captioning providers for legislative proceedings. As of February 15, 2021, captioning on legislative proceedings are generally posted within 30 to 60 minutes of a proceeding. Further, as of April 2021, the Legislature was in the process of testing a more grammatically correct real-time closed captioning service with a goal of 95% accuracy. Defendant Day estimated that the real-time closed captioning service would be live and available to the public by April 26, 2021.[2] Defendants now move for dismissal under Fed. R. Civ. P. 12(b)(1) and 12(b)(6).

## II. Legal Standard

### A. Motion to Dismiss for Lack of Subject Matter Jurisdiction

"Federal courts are courts of limited jurisdiction."[3] Under Rule 12(b)(1), the Court may dismiss a complaint based on a lack of subject matter jurisdiction. Generally, a Rule 12(b)(1) motion takes one of two forms: a facial attack or factual attack. "[A] facial attack on the complaint's allegations as to subject matter jurisdiction questions the sufficiency of the complaint. In reviewing a facial attack on the complaint, a district court must accept the allegations in the complaint as true."[4] A factual attack goes "beyond allegations contained in the complaint and challenge[s] the facts upon which subject matter jurisdiction depends. When reviewing a factual attack on subject matter jurisdiction, a district court may not presume the truthfulness of the complaint's factual allegations."[5] A court therefore "has wide discretion to allow affidavits, other

---

[2] At the time of this Order, the parties have not provided the Court with an update on the progress of the real-time closed captioning implementation.

[3] *Kokkonen v. Guardian Life Ins. Co. of Am.*, 511 U.S. 375, 377 (1994).

[4] *Holt v. United States*, 46 F.3d 1000, 1002 (10th Cir. 1995) (citing *Ohio Nat'l Life Ins. Co. v. United States*, 922 F.2d 320, 325 (6th Cir. 1990)).

[5] *Id.* at 1003 (citing *Ohio Nat'l Life*, 922 F.3d at 325).

-5-

documents, and a limited evidentiary hearing to resolve disputed jurisdictional facts under Rule 12(b)(1)."[6]

## B.  Motion to Dismiss for Failure to State a Claim

Under Rule 12(b)(6), a defendant may move for dismissal of any claim for which the plaintiff has failed to state a claim upon which relief can be granted.[7]  Upon such motion, the court must decide "whether the complaint contains 'enough facts to state a claim to relief that is plausible on its face.'"[8]  A claim is facially plausible if the plaintiff pleads facts sufficient for the court to reasonably infer that the defendant is liable for the alleged misconduct.[9]  The plausibility standard reflects the requirement in Rule 8 that pleadings provide defendants with fair notice of the nature of claims as well the grounds on which each claim rests.[10]  Under Rule 12(b)(6), the court must accept as true all factual allegations in the complaint, but need not afford such a presumption to legal conclusions.[11]  Viewing the complaint in this manner, the court must decide whether the plaintiff's allegations give rise to more than speculative possibilities.[12]  If the allegations in the complaint are "so general that they encompass a wide swath of conduct, much of it innocent, then the plaintiffs 'have not nudged their claims across the line from conceivable to plausible.'"[13]

---

[6] *Id.* (citations omitted).

[7] Fed. R. Civ. P. 12(b)(6).

[8] *Ridge at Red Hawk, L.L.C. v. Schneider*, 493 F.3d 1174, 1177 (10th Cir. 2007) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)); *see also Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009).

[9] *Iqbal*, 556 U.S. at 678 (citing *Twombly*, 550 U.S. at 556).

[10] *See Robbins v. Okla.*, 519 F.3d 1242, 1248 (10th Cir. 2008) (citations omitted); *see also* Fed. R. Civ. P. 8(a)(2).

[11] *Iqbal*, 556 U.S. at 678–79.

[12] *See id.* ("The plausibility standard is not akin to a 'probability requirement,' but it asks for more than a sheer possibility that a defendant has acted unlawfully.") (citation omitted).

[13] *Robbins*, 519 F.3d at 1247 (quoting *Twombly*, 550 U.S. at 570).

-6-

C.      Pro Se Litigants

Because Plaintiff appears pro se in this case, the Court must liberally construe his pleadings.[14] If a court can reasonably read a pro se complaint in such a way that it could state a claim on which the plaintiff could prevail, it should do so despite "failure to cite proper legal authority . . . confusion of various legal theories . . . or [Plaintiff's] unfamiliarity with pleading requirements."[15] The Court, however, is not an advocate for the pro se litigant.[16] "Despite the liberal construction afforded pro se pleadings, the court will not construct arguments or theories for the plaintiff in the absence of any discussion of those issues."[17]

## III.      Analysis

A.      Haulmark's Request for Injunctive Relief Based on Ongoing Violations of the ADA

Haulmark requests a variety of injunctive relief stemming from Defendants' alleged ongoing violations of the ADA. First, Haulmark requests an injunction requiring Defendants to make reasonable modifications necessary to provide individuals with hearing disabilities access to its offered services, facilities, and privileges. Haulmark further requests an injunction requiring Defendants to develop, implement, promulgate, and comply with a policy prohibiting future discrimination against individuals with hearing disabilities, including requiring Defendants (1) to make online broadcasts accessible with accurate captioning; (2) to cure past violations of archived video content; (3) to post notices notifying individuals with hearing disabilities of their right to

---

[14] *See Trackwell v. U.S. Gov't*, 472 F.3d 1242, 1243 (10th Cir. 2007) ("Because [the plaintiff] appears pro se, we review his pleadings and other papers liberally and hold them to a less stringent standard than those drafted by attorneys.").

[15] *Hall v. Bellmon*, 935 F.2d 1106, 1110 (10th Cir. 1991) (citation omitted).

[16] *Id.*

[17] *Drake v. City of Fort Collins*, 927 F.2d 1156, 1159 (10th Cir. 1991) (citation omitted).

-7-

effective communication; and (4) to provide training for all employees, staff, and other agents on a regular basis regarding the rights of individuals with hearing disabilities under the ADA.

Defendants now move for dismissal under Rule 12(b)(1) asserting a lack of live case or controversy. Article III of the Constitution limits federal-court jurisdiction to justiciable cases and controversies.[18] A justiciable case or controversy is one that presents the court with a question "in an adversary context and in a form historically viewed as capable of resolution through the judicial process" and does not "intrude into areas committed to the other branches of government."[19] To enforce this restriction on federal-court jurisdiction, the Supreme Court relies on both Article III and certain prudential requirements announced in case law.[20]

Mootness is one aspect of a court's inquiry into justiciability. The mootness doctrine requires that the court be able to "grant effectual relief" to redress an ongoing injury affecting a party.[21] "[A] federal court has no authority 'to give opinions upon moot questions or abstract propositions, or to declare principles or rules of law which cannot affect the matter in issue in the case before it.' "[22] Thus, a court must dismiss a case if an event occurs "that makes it impossible for the court to grant 'any effectual relief.' "[23]

---

[18] U.S. CONST. art. III, § 2 (defining the power of the federal courts to include enumerated categories of "cases" and "controversies").

[19] *Flast v. Cohen*, 392 U.S. 83, 95 (1968).

[20] *Wilderness Soc'y v. Kane Cty.*, 632 F.3d 1162, 1168 (10th Cir. 2011) (citations omitted).

[21] *United States v. Quezada-Enriquez*, 567 F.3d 1228, 1231 (10th Cir. 2009) (citation omitted).

[22] *Church of Scientology of Cal. v. United States*, 506 U.S. 9, 12 (1992) (citations omitted).

[23] *See id.* (citation omitted).

-8-

1.  There is No Live Case or Controversy Regarding Haulmark's Request for Captioning on Future Uploads of Legislative Proceedings

Haulmark asserts that in its current form, the Legislature's website—managed through LAS under the command of Tom Day—provides audio-only records of legislative proceedings on the Legislature's website and fails to provide accommodations for individuals with hearing disabilities to access such records. Because Defendants move for dismissal under 12(b)(1), however, the Court may look outside Haulmark's Complaint for the purpose of reviewing the jurisdictional facts alleged.[24]

Here, Day provides declarations and documentation that the State has been actively working to improve accessibility since December of 2019—including the captioning functionality that Haulmark requests. Day has provided evidence that improved real-time captioning has already been implemented with continued improvements ongoing. The United States Supreme Court has made clear that "an actual controversy must be extant at all stages of review, not merely at the time the complaint is filed."[25] Further, "[i]f an intervening circumstance deprives the plaintiff of a 'personal stake in the outcome of the lawsuit,' at any point during litigation, the action can no longer proceed and must be dismissed as moot."[26] Because the Kansas Legislature has activated the captioning services Haulmark requests, the Court concludes that Haulmark's case is moot with respect to his demand for live captioning of Kansas legislative sessions and an

---

[24] *Holt*, 46 F.3d at 1003 ("A court has wide discretion to allow affidavits, other documents, and a limited evidentiary hearing to resolve disputed jurisdictional facts under Rule 12(b)(1). In such instances, a court's reference to evidence outside the pleadings does not convert the motion to a Rule 56 motion.") (citations omitted)

[25] *Genesis HealthCare Corp. v. Symczyk*, 569 U.S. 66, 71 (2013) (quotation omitted).

[26] *Id.* at 72 (citation omitted).

-9-

injunction by this Court ordering Day to "activate" the captioning would have no effect in the real world.[27]

Further, the Court disagrees with Haulmark's argument that Defendants have not met the "tremendous burden" of voluntary cessation. Although the voluntary cessation exception to mootness does place a "formidable burden" on Defendants, the Tenth Circuit has noted that "this heavy burden frequently has not prevented governmental officials from discontinuing challenged practices and mooting a case."[28] Further, "[m]ost cases that deny mootness following government officials' voluntary cessation 'rely on *clear showings* of reluctant submission by governmental actors and a desire to return to the old ways.' "[29] That is not the case here. Defendants have provided evidence that the challenged conduct no longer exists, and that Defendants had begun the process of implementing captioning practices prior to Haulmark's suit. There is simply no evidence that leads this Court to believe that Defendants intend to pull the rug out from their multimillion-dollar project upon dismissal of this suit. Haulmark's claim that Defendants are violating Title II of the ADA by failing to provide captioning is therefore dismissed as moot.

2.      *There Is No Live Case or Controversy Regarding Haulmark's Request for Captioning of Archived Legislative Proceedings*

In addition to his requests for real-time captioning of legislative proceedings posted on the Legislature's website, Haulmark requests that the Court require Defendants to provide transcription for, or add captioning to, all archived legislative proceedings currently available on

---

[27] *See Brown v. Buhman*, 822 F.3d 1151, 1165–66 (10th Cir. 2016) ("The crucial question is whether granting a present determination of the issues offered will have some effect in the real world.") (quotation omitted).

[28] *Id.* at 1166–67 (citations and alteration omitted).

[29] *Id.* at 1167 (quoting *Rio Grande Silvery Minnow v. Bureau of Reclamation*, 601 F.3d 1096, 1117 (10th Cir. 2010)).

the Legislature's website. Again, Defendants assert a lack of live case or controversy, and the Court agrees.

Haulmark alleges that he requested transcriptions of hundreds of audio-only recordings from the 2019 Legislative Session in November 2019. Defendant Day responded that the cost of the request would likely be $153,194 and offered to create transcripts for specific meetings of Haulmark's choosing. Shortly thereafter, Day and Haulmark met to discuss Haulmark's request and accessibility concerns. At that meeting, Haulmark represented to Defendants that he would no longer need transcripts from the archived sessions after the real-time captioning was activated for future sessions.

Now, as discussed above, Defendants have provided evidence that real-time captioning has been activated on the Legislature's website. Thus, per Haulmark's Complaint, Haulmark no longer has a need for transcripts of the archived sessions. Further, Defendants offered to provide specific transcripts of interest to Haulmark—a request that Haulmark ignored. The Court therefore concludes that there is no live case or controversy with respect to Haulmark's request for archived transcripts.

**B. Haulmark's Request for Monetary Damages Based on Past Violations of the ADA**

Although there is no live case or controversy with respect to Haulmark's requested injunctive relief, Haulmark also requests monetary damages of $5,000,000 for Defendants' alleged past violations of Title II of the ADA.

-11-

1.      *Day Is Immune from Haulmark's Claim for Monetary Damages Against Him*

First, Day asserts that Eleventh Amendment immunity precludes Haulmark's suit for monetary damages against him.  The Court agrees.  The Eleventh Amendment grants immunity to the States from "any suit in law or equity, commenced or prosecuted" by their own citizens.[30]  This includes actions for damages against state agencies and officials acting in their official capacities.[31]  In his response to Day's Motion to Dismiss, Haulmark does not dispute this established precedent.  Instead, Haulmark focuses his argument on the *Ex parte Young*[32] exception to sovereign immunity as it relates to Haulmark's claim for injunctive relief against Day.   Although *Ex parte Young* provides that a plaintiff seeking prospective declaratory or injunctive relief may bring suit against state officials acting in their official capacities for alleged violations of federal law, actions seeking monetary damages are prohibited.[33]   *Ex parte Young* therefore cannot serve as a basis for Haulmark's claim for monetary damages against Day.  Haulmark's claim for monetary damages against Day for past violations of the ADA is dismissed.

2.      *Haulmark Has Failed to State a Claim Against the State of Kansas or LAS*

Next, the State of Kansas and LAS argue that Haulmark has failed to state a claim under Title II of the ADA.[34]   Title II provides that "no qualified individual with a disability shall, by

---

[30] U.S. Const. amend. XI; *see also Guttman v. Khalsa*, 669 F.3d 1101, 1111 (10th Cir. 2012) (citing *Bd. of Trs. v. Garrett*, 531 U.S. 356, 363 (2001)).

[31] *Williams v. Utah Dep't of Corr.*, 928 F.3d 1209, 1212 (10th Cir. 2019) (citing *Peterson v. Martinez*, 707 F.3d 1197, 1205 (10th Cir. 2013)).

[32] 209 U.S. 123 (1908).

[33] *Hill v. Kemp*, 478 F.3d 1236, 1255–56 (10th Cir. 2007).

[34] The State of Kansas and LAS do not assert Eleventh Amendment immunity from Haulmark's claims for monetary damages against them.  The Court will therefore not address immunity as it relates to the State of Kansas or LAS.

reason of such disability, be excluded from participation in or be denied the benefits of the services, programs, or activities of a public entity, or be subjected to discrimination by any such entity."[35] To state a claim under Title II, Haulmark "must allege that (1) he is a qualified individual with a disability, (2) who was excluded from participation in or denied the benefits of a public entity's services, programs, or activities, and (3) such exclusion, denial of benefits, or discrimination was by reason of a disability."[36]  This may be shown by: "(1) intentional discrimination (disparate treatment); (2) disparate impact; [or] (3) failure to make a reasonable accommodation."[37]

First, Defendants do not dispute that Haulmark has alleged that he is a qualified individual with a disability.  They do argue, however, that Haulmark has failed to allege that he was excluded from participation in or denied the benefits of a public entity's services, programs, or activities. The Court will first look to Haulmark's claim of intentional discrimination.  "[I]ntentional discrimination can be inferred from a defendant's deliberate indifference to the strong likelihood that pursuit of its questioned policies will likely result in a violation of federally protected rights."[38] "Deliberate indifference requires both knowledge that a harm to a federally protected right is substantially likely, and a failure to act upon that likelihood."[39]  Further, "[t]he failure to act must be 'more than negligent' and involve 'an element of deliberateness.' "[40]

---

[35] 42 U.S.C. § 12132.

[36] *Robertson v. Las Animas Cty. Sheriff's Dep't*, 500 F.3d 1185, 1193 (10th Cir. 2007) (citations omitted).

[37] *J.V. ex rel. C.V. v. Albuquerque Pub. Sch.*, 813 F.3d 1289, 1295 (10th Cir. 2016) (citations omitted).

[38] *Id.* at 1298 (quoting *Barber ex rel. Barber v. Colo. Dep't of Revenue*, 562 F.3d 1222, 1228–29 (10th Cir. 2009)).

[39] *Id.* (quoting *Duvall v. Cty. of Kitsap*, 260 F.3d 1124, 1139 (9th Cir. 2001)).

[40] *Id.* (quoting *Barber*, 562 F.3d at 1228).

-13-

Here, Haulmark asserts that Defendants intentionally discriminated against Haulmark and other individuals with hearing disabilities when they published streaming content online without accurate captioning services, thereby denying him access to the political process. Haulmark further alleges that when he brought the issue to the attention of Day, Day stated that the budget was a higher priority over the accessibility of individuals. Haulmark also asserts, however, that at the same meeting, Day stated he would contact the Kansas Commission for the Deaf and Hard of Hearing to work with current vendors to provide accessibility and that he would provide a report on the progress to Haulmark. Further, Haulmark alleges that when progress towards full captioning was delayed, Day offered to provide Haulmark transcripts of interest to Haulmark until such time the captioning was fully functional. These allegations do not support a claim that Defendants were deliberately indifferent to Haulmark's federally protected rights and thus do not adequately allege intentional discrimination.

Haulmark next alleges Defendants have failed to reasonably accommodate. Haulmark asserts that he has repeatedly requested accommodations so that he can access legislative proceedings, but that Defendants have "blatantly disregarded and refused to furnish necessary effective communication, auxiliary aids, and equal participation." Haulmark's allegations regarding Defendants alleged failure to accommodate are inconsistent, however. Haulmark notes that the Kansas Legislature's website provides that individuals with disabilities may request accommodations for any committee or legislative session and that those requests should be made at least two working days in advance of the meeting. He never alleges, however, that he was denied accommodations after requesting them in the manner listed on the Kansas Legislature's website.

-14-

Further, Haulmark states that when he requested transcripts for every published, and yet to be published, video on the Legislature's YouTube channel, Day offered to provide transcriptions of specific proceedings of interest to Haulmark.  Haulmark, however, never followed up with Day's offer.  Title II requires "public entities to 'make reasonable modifications in policies, practices, or procedures when the modifications are necessary to avoid discrimination on the basis of disability.' "[41]  Haulmark's complaint shows that Defendants offered Haulmark reasonable accommodations and that Haulmark simply failed to take advantage of them.  Haulmark has therefore failed to state a claim for failure to accommodate.  Haulmark's claim for monetary damages against the State of Kansas and LAS based on past violations of Title II is dismissed.[42]

## C.     Haulmark's Request for Declaratory Relief

Finally, Haulmark seeks declaratory relief under 28 U.S.C. § 2201.  Section 2201 provides a remedy of declaratory relief only in cases of "actual controversy within [the court's] jurisdiction."  Haulmark requests a declaration that (1) that Defendants have violated and continue to violate the ADA; (2) that all public records subject to the Kansas Open Records Act must be made equally accessible for individuals with disabilities to comply with the ADA; and (3) that all public meetings pursuant to the Kansas Open Meeting Act must comply with the ADA by being made equally accessible for individuals with hearing disabilities.  Because the Court has

---

[41] *Robertson*, 500 F.3d at 1195 (quoting 28 C.F.R. § 35.130(b)(7)).

[42] Because Haulmark has failed to state a claim for violation of Title II, the Court need not address Haulmark's request that Defendants be required to post notices notifying individuals with hearing disabilities of their right to effective communication or to provide training regarding the rights of individuals with hearing disabilities under the ADA.

determined that there is no live case or controversy as to any of Haulmark's claims, the Court need not address Haulmark's requests for declaratory relief.[43]

 **IT IS THEREFORE ORDERED** that Defendants State of Kansas and Legislative Administrative Services' Motion to Dismiss or in the Alternative for Summary Judgment (Doc. 18) is **GRANTED.**

 **IT IS FURTHER ORDERED** that Defendant Tom Day's Motion to Dismiss (Doc. 24) is **GRANTED.**

 **IT IS FURTHER ORDERED** that Haulmark's Motion for Temporary Restraining Order and Preliminary Injunction is (Doc. 5) is **DENIED AS MOOT.**

 **IT IS SO ORDERED.**

This case is closed.

Dated this 9th day of September, 2021.


*Eric F Melgren*

ERIC F. MELGREN
UNITED STATES DISTRICT JUDGE

---

[43] *See Kunkel v. Cont'l Cas. Co.*, 866 F.2d 1269, 1273 (10th Cir. 1989).

-16-

AO 450 (Rev. 5/85) Judgment in a Civil Case

# United States District Court

DISTRICT OF      KANSAS

CHRIS HAULMARK,

                    **JUDGMENT IN A CIVIL CASE**

                Plaintiff,

V.

              CASE NUMBER: 20-4084-EFM

STATE OF KANSAS, LEGISLATIVE ADMINISTRATIVE
SERVICES, AND TOM DAY.

                Defendants

☐ Jury Verdict. This action came before the Court for a trial by jury, The issues have been tried and the jury has rendered
its verdict.

☒ Decision by Court. This action came before the Court. The issues have been considered and a decision has been
rendered.

IT IS ORDERED AND ADJUDGED

that pursuant to the Memorandum and Order filed on September 9, 2021, Doc. 37, Defendants State of Kansas and
Legislative Administrative Services' Motion to Dismiss or in the Alternative for Summary Judgment, Doc. 18, is
GRANTED.

IT IS FURTHER ORDERED that Defendant Tom Day's Motion to Dismiss, Doc. 24, is GRANTED.

IT IS FURTHER ORDERED that Haulmark's Motion for Temporary Restraining Order and Preliminary Injunction,
Doc. 5, is DENIED AS MOOT.

This case is now closed.

September 9, 2021                  SKYLER B. O'HARA
_____         _____
*Date*                           *Clerk*

                               /s Cindy McKee
                             _____
                             *(By) Deputy Clerk*