# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF KANSAS

| | |
|---|---|
| **CHRIS HAULMARK**, | ) |
| Plaintiff, | ) |
| V. | ) |
| **STATE OF KANSAS**, | ) |
| **LEGISLATIVE ADMINISTRATIVE** | ) |
| **SERVICES,** | ) |
| and | ) Civil Action No.  5:20-cv-04084-EFM-TJJ |
| **TOM DAY**, in his official capacity as | ) |
| Director of Legislative Administrative | ) |
| Services, | ) |
| Defendants. | ) |
| | ) |

### PLAINTIFF HAULMARK'S REPLY IN SUPPORT OF
### MOTION TO ALTER OR AMEND THE JUDGMENT

COMES NOW Plaintiff Chris Haulmark, appearing *pro se*, hereby respectfully requests this Court to reject Defendants' Opposition to Plaintiff Haulmark's Motion to Alter or Amend the Judgment (See Defendants' Response to Motion) (Docket No. 41) (hereinafter "Defendants' Opposition") and grant the Motion to Alter or Amend the Judgment. (See Plaintiff Haulmark's Motion to Alter or Amend the Judgment) (Docket No. 40) (hereinafter "Plaintiff Haulmark's Motion") Plaintiff Haulmark provides following statements and authorities:

1. The Complaint in the above captioned matter was filed on December 16, 2020 to seek damages, including compensatory damages, equitable relief, including declaratory and injunctive relief, award of attorney fees if counsel is ever retained by Plaintiff Haulmark, and expenses of court against the named Defendants, alleging ongoing and repeating violations of Title II of the Americans with Disabilities Act, 42 U.S.C. § 12131-12134 *et seq.* (hereinafter "ADA") (See Complaint) (Docket No. 1)

2. From the date the complaint was filed by Plaintiff Haulmark until the date of the final filing by Defendant Tom Day on April 8, 2021, this case was in the pleading stage. (See Docket No. 1 and Docket No. 34)

3. In their pleadings, the Defendants clearly asserted in nature of speculation for its new captioning system. In terms of auxiliary aids and services, the only part of the online broadcasting services offered is automatic caption generation on the YouTube platform for some of their audiovisual content. As incorrectly found by this Court, there was not any captioning for any other parts of the online broadcasting service before and during this pleading stage.

4. After the pleading stage of this case was complete, the live captioning system was activated by the Defendants to provide a measure of accessibility for the legislative proceedings held in their committees and chambers of the state legislature. As of this filing, this new captioning system remains operational

without judicial review regarding the requirement of effective communication in pursuant to Title II of the ADA.

5. The ambiguous $2.47 million dollar project does not ensure effective communication by providing any auxiliary aids or services for the previous legislative proceedings that still remain in the form of audio-only content streamed and recorded from January 2017 until approximately April 2021. Accordingly during this same time period, Plaintiff Haulmark suffered cognizable injury by not being able to participate in and benefit from these legislative proceedings, and he remains to suffer the repeating injury by being excluded from participating in and benefitting from these archived legislative proceedings to this day because the Defendants refuse, by denying transcripts to be produced and furnished, to make these audio-only recordings to be fully accessible for individuals with a hearing disability.

6. This Court issued a final judgment on September 9, 2021. This judgment is in error as described in Plaintiff Haulmark's Motion, filed on September 17, 2021 with a specific, narrow focus to point out the errors in finding of facts, the misunderstandings of the parties' position, and the manifest injustice.

7. According to the docket report, only two of the three Defendants-- State of Kansas and Legislative Administrative Services-- filed an opposition against Plaintiff Haulmark's Motion on September 23, 2021. (Docket No. 41) This Defendants' Opposition to Plaintiff Haulmark's Motion is to argue about the

technicalities of Rule 59(e) of the Federal Rules of Civil Procedure. Defendants focus on "real-time closed captioning service," rather than whether or not captions are provided for available archived audio-only recordings. These Defendants concede all of the errors raised by Plaintiff Haulmark in his motion while failing to specifically address them.

8.  Arguments that this Court applied the law incorrectly or misinterpreted the position of a party are properly brought under Rule 59(e) of the Federal Rules of Civil Procedure, but fail to warrant relief under Rule 60(b). (See *Van Skiver v. U.S.*, 952 F.2d 1241, 1244 (10th Cir. 1992))

9.  When Plaintiff Haulmark filed this narrow-in-scope motion, he heavily relied on the recent analysis of Rule 59(e) provided by a sister court district. (See *Chandhok v. Companion Life Ins. Co.*, Civ. 19-0362 JB/JFR, (D.N.M. Aug. 17, 2021))

10. Plaintiff Haulmark does not intend to "reargue an issue previously addressed by the court when the motion merely advances new arguments, or supporting facts which were available at the time of the original motion[.]" (See *Chandhok.*)

11. While Plaintiff Haulmark's motion has been timely filed within the required 28 days from the date of this Court's final judgment, he merely challenges this judgment that this Court has misread and misapplied the facts, presented by both parties, as outlined in his motion. Due to this misreading of the facts, the law

has been interpreted to be erroneously applied to Plaintiff Haulmark's claims. To put it simply, an adverse factual inference has been drawn against Plaintiff Haulmark.

12. As an instance in the Defendants' opposition against Plaintiff Haulmark's Motion, they are ignoring Plaintiff Haulmark's description of a clear error when this Court stated that there are captions provided for the archived audio-only recordings, when in reality, there are none.

13. Furthermore, when Plaintiff Haulmark pointed to the decisions of the Supreme Court, Tenth and Eleventh Circuits, and a sister circuit court as to how the Congress intended sovereign immunity of states to be abrogated under Title II of the ADA, the Defendants did not attempt to assert that they are immune under sovereign immunity in their response in opposition.

14. It is pointed out in Plaintiff Haulmark's Motion that the Defendants have failed in their pleadings to show that this new live captioning service as the accommodation provided is effective under Title II of the ADA. It is a manifestation of injustice to rule that this case is moot just because a live captioning system has been implemented without judicial review.

15. With Plaintiff Haulmark's Motion, he requests for the amending of the finding of facts and conclusion of law pursuant to Rule 59(e).

16. Plaintiff Haulmark has filed a Notice of Appeal on September 27, 2021. (See Docket No. 42)

WHEREFORE, Plaintiff Haulmark requests that this Court grant the Motion to Alter or Amend the Judgment with the corrections to be made on the finding of facts and the conclusion of the law.

----------------------------------------------------------------

| | |
|---|---|
| Respectfully submitted this 28th of September | /s/ChrisHaulmark<br>PLAINTIFF, *pro se*<br>chris@sigd.net<br>600 S. Harrison St<br>Apt #11<br>Olathe, KS 66061<br>512-366-3981 |

## CERTIFICATE OF SERVICE

I hereby certify that on this 28th of September, a true and correct copy of the above and foregoing document was sent via email as an attached file in format of PDF to the clerk of the U.S. District Court for the District of Kansas and a copy with postage prepaid was placed in mail of the U.S. Mail to the following:

| | |
|---|---|
| Arthur S. Chalmers<br>Assistant Attorney General<br>120 S.W. 10th, 2nd Floor<br>Topeka, KS 66612 | /s/ChrisHaulmark<br>PLAINTIFF, *pro se* |