IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS

CHRIS HAULMARK,

    *Plaintiff,*

vs.

STATE OF KANSAS, *et al.*,

    *Defendants.*

Case No. 5:20-CV-04084-EFM-TJJ

**MEMORANDUM AND ORDER**

Proceeding pro se, Plaintiff Chris Haulmark filed suit alleging that the State of Kansas, Legislative Administrative Services ("LAS"), and Tom Day, in his official capacity as Director of LAS, violated Haulmark's rights under Title II of the Americans with Disabilities Act ("ADA"). On September 9, 2021, this Court granted Defendants' Motions to Dismiss, thereby closing the case. This matter comes before the Court on Plaintiff's Motion to Alter or Amend the Judgement Pursuant to Rule 59 of the Federal Rules of Civil Procedure (Doc. 40). For the reasons outlined below, the Court denies the motion.

**I.    Factual and Procedural Background**

Plaintiff Haulmark is a resident of Johnson County, Kansas, and an active political community leader. Haulmark is deaf and is substantially limited in his ability to hear and speak. Haulmark filed suit against Defendants in December 2020 alleging that Defendants had violated,

and were continuing to violate, the ADA by failing to provide captioning or transcripts for audio-only archived legislative proceedings available on the Kansas Legislature's website and accurate captioning on live-streamed legislative proceedings. In early 2021, Defendants moved to dismiss Haulmark's claims for lack of subject-matter jurisdiction and failure to state a claim. The Court granted Defendants' motions in September 2021 and closed the case. Haulmark timely filed his Motion to Alter or Amend the Judgment Pursuant to Rule 59 shortly thereafter.

## II.     Legal Standard

Rule 59(e) of the Federal Rules of Civil Procedure permits a party to request reconsideration of a final judgment. The Court may grant a Rule 59(e) motion when it "has misapprehended the facts, a party's position, or the controlling law."[1] Rule 59(e) is not an appropriate vehicle for revisiting issues already considered or arguing matters "that could have been raised in prior briefing."[2]

Because Plaintiff appears pro se in this case, the Court must liberally construe his pleadings,[3] but such liberal construction does not relieve the plaintiff of his burden to demonstrate that reconsideration is proper.[4]

## III.     Analysis

Haulmark fails to meet the standard for reconsideration of the Court's order of dismissal. Although Haulmark states that the Court has misapprehended the facts, his argument demonstrates

---

[1] *Nelson v. City of Albuquerque*, 921 F.3d 925, 929 (10th Cir. 2019) (quoting *Servants of the Paraclete v. Does*, 204 F.3d 1005, 1012 (10th Cir. 2000)).

[2] *Id.* (quoting *Servants of the Paraclete*, 204 F.3d at 1012).

[3] *Hall v. Bellmon*, 935 F.2d 1106, 1110 (10th Cir. 1991) (citations omitted).

[4] *See id*.

that he simply disagrees with the Court's analysis of the issues. Haulmark first raises "corrections" to the factual background in which he merely restates facts that were before the Court at the time of its prior Order and revisits arguments already addressed by the Court with virtually no citation to relevant law. Haulmark then makes arguments regarding sovereign immunity that are irrelevant to the Court's prior Order. Finally, Haulmark argues that the Court erred in finding his request for injunctive relief moot, but again, Haulmark fails to provide any basis in law upon which the Court could overturn its prior decision. Because Haulmark has not demonstrated that the Court "misapprehended the facts, a party's position, or the controlling law,"[5] the Court must deny Haulmark's motion.

**IT IS THEREFORE ORDERED** that Plaintiff's Motion to Alter or Amend the Judgment Pursuant to Rule 59 (Doc. 40) is **DENIED.**

**IT IS SO ORDERED.**

Dated this 2nd day of December, 2021.

ERIC F. MELGREN
UNITED STATES DISTRICT JUDGE

---

[5] *Nelson*, 921 F.3d at 929 (quoting *Servants of the Paraclete*, 204 F.3d at 1012).